```
1   SEYFARTH SHAW LLP
    Myra B. Villamor (SBN 232912)
2   mvillamor@seyfarth.com
    2029 Century Park East, Suite 3500
3   Los Angeles, California 90067-3021
    Telephone:  (310) 277-7200
4   Facsimile: (310) 201-5219

5   Attorneys for Defendant
    STARBUCKS CORPORATION
6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>STARBUCKS CORPORATION,<br><br>            Defendant. | Case No. 3:22-cv-7094<br><br>**DECLARATION OF MYRA B. VILLAMOR IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>Complaint Filed: July 21, 2022<br>Trial Date:        None Set |

DECLARATION OF MYRA B. VILLAMOR IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL
88285169v.1

I, Myra B. Villamor, hereby declare and state as follows:

1. I have personal knowledge of the following facts and, if called as a witness herein, could and would testify to their accuracy.

2. I am an attorney admitted to practice in the State of California and I am admitted to appear before this Court. I am an attorney in the Los Angeles - Century City office of Seyfarth Shaw LLP, counsel of record for Defendant Starbucks Corporation ("Defendant"), in the above-captioned matter filed by Plaintiff Peter Strojnik ("Plaintiff") (collectively the "Parties"). In my role as counsel for Defendant, all of the pleadings and other records are maintained in my office in the ordinary course of business under my direction and control. I have practiced in the area of discrimination defense, including the defense of actions alleging violations of Title III of the Americans with Disabilities Act, since 2009 and am familiar with the attorneys' fees and costs associated with litigating such cases.

3. On July 21, 2022, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Peter Strojnik v. Starbucks Corporation*, designated as Case No. 22CV402294. In the Complaint, Plaintiff alleges three causes of action against Defendant: (1) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of Title III of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("UCRA"); (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17209, based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, non-discriminatory corporate giant with accessible stores." A true and correct copy of the Complaint is attached to the Notice of Removal as **Exhibit 1.**

4. On October 12, 2022, Plaintiff served Defendant with the Complaint. Plaintiff has not served Defendant with the Summons.

5.      On October 21, 2022, Defendant filed a Notice of Mistaken Filing of Vexatious Litigation on the grounds that Plaintiff is a vexatious litigant who had not complied with a Prefiling Order that required Plaintiff to obtain leave from the presiding justice or presiding judge of the Santa Clara Superior Court prior to filing the Complaint. A true and correct copy of the Notice of Mistaken Filing, including a copy of the Prefiling Order issued against Plaintiff in the Superior Court of California for the County of San Luis Obispo, filed by Defendant is attached to the Notice of Removal as **Exhibit 2.**

6.      On October 24, 2022, Plaintiff emailed me a copy of a Request to Refer to the Presiding Judge the Honorable Theodore C. Zayner for Approval. A true and correct copy of the Request to Refer to the Presiding Judge the Honorable Theodore C. Zayner for Approval Plaintiff emailed to me is attached to the Notice of Removal as **Exhibit 3.**

7.      Exhibits 1 and 2 constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal. There are no pending hearings currently scheduled in the Santa Clara County Superior Court action.

8.      Plaintiff brings a claim against Defendant pursuant to the Consumer Legal Remedies Act.   Section 1780(e) of the CLRA states: "The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section. Reasonable attorney's fees may be awarded to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith."   Defendant anticipates that it will file a Motion to Dismiss.  If that motion is not granted, then the Parties will propound and respond to written discovery, take at least two fact depositions, conduct expert inspections at the eight stores, and file motions for summary judgment.  Defendant anticipates that if its Motion to Dismiss and/or Motion for Summary Judgment are successful, it would be able to establish that Plaintiff's prosecution of this case was not in good faith.  Based on my past cases with comparable litigation activities, defense feeds and costs through summary judgment will most

certainly exceed $75,000 in fees and costs. If the case proceeds to trial, Starbucks will incur additional the fees and costs of at least $75,000, for a total of $150,000. These fees are recoverable if Starbucks is a prevailing party under Section 1780(e) of the CLR and the Court determines that the case was not brought in good faith. There is a substantial basis for this finding because, prior to this filing and in response to Plaintiff's demand letter, on May 25, 2022, Starbucks advised Plaintiff that the U.S. Court of Appeals for the Ninth Circuit has already ruled in three cases that Starbucks has no obligation to provide 36" of clear space on its sales counter in connection with this sales counter design which is entirely at an accessible height. A true and correct copy of the May 25, 2022 letter from Starbucks' counsel to Plaintiff is attached as **Exhibit 4**.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed this 11th day of November, 2022, at Los Angeles, California

*/s/ Myra B. Villamor*
Myra B. Villamor

# EXHIBIT 4



**Seyfarth Shaw LLP**
975 F Street, N.W.
Washington, DC  20004-1454
**T** (202) 463-2400
**F** (202) 828-5393

mvu@seyfarth.com
T (202) 828-5337

www.seyfarth.com

May 25, 2022

**VIA E-MAIL**

Mr. Peter Strojnik
2375 East Camelback Road
Suite 600
Phoenix, Arizona  85016

Re:    Demand Letters dated March 14 and 22, 2022

Dear Mr. Strojnik:

We represent Starbucks Corporation ("Starbucks") and are writing to respond to your demand letters dated March 14, 2022, and March 22, 2022 (the "Demand Letters").  In these letters, you claim that you visited eight Starbucks cafes[1] (the "Cafes") on March 12 and 18, 2022, and found physical access barriers that violate the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act").  As set forth below, you do not have standing to seek any relief under these laws, and the issues identified are not violations of the ADA or the Unruh Act.

The Demand Letters identify six types of alleged barriers in the Cafés:  (1) lack of 36" clear space on the transaction counter; (2) baskets located near the sales counter which allegedly block wheelchair access; (3) lever restroom door handles; (4) excessive force necessary to open restroom doors; (5) uninsulated pipes; and (6) blocked access to accessible parking.

As a threshold matter, you have no standing to assert claims based any of these alleged conditions because recent video footage of you makes clear that you have no mobility limitations.

The footage of you at https://youtu.be/zpH7xFUzTcg from April 27, 2022—after you visited the Cafes in March 2022—shows you walking into a building with no difficulty or mobility device, bending over to pick up a piece of paper, texting on your phone, and pulling open a door.

The footage of you at https://www.youtube.com/watch?v=YRd1rdn1Wns from 2021 shows you striding out of the courthouse *while texting on your phone*, pulling open a car door with ease, bending over, and raising a phone above your head to take photos.

---

[1]    The locations are:  (1) 760 N. Imperial Ave., El Centro, (2) CA, 2049 N. Imperial Ave., El Centro, CA, (3) 599 E. Danenburg Dr., El Centro CA, (4) 202 S. Imperial Ave., El Centro, CA, (5) 2701 Ming Ave., Bakersfield, CA (6) 3835 Ming Ave., Bakersfield, CA (7) 3919 Rosedale Hwy, Bakersfield, CA, and (8) 2360 W Northern Ave, Phoenix, AZ.



Mr. Peter Strojnik
May 25, 2022
Page 2

These videos show that you have no mobility limitations that would be affected by the alleged conditions and, therefore, lack standing to assert a claim based on such conditions. *See Lujan v. Defenders of Wildlife, et al.*, 504 U.S. 555, 560 n. 1 (1992) (holding that to establish standing a plaintiff must allege an injury that affects him in a personal and individual way); *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1082 (declining to grant plaintiff standing to sue for barriers that are not related to plaintiff's disability).

Furthermore, your claims lack substantive merit, as explained below.

Transaction counter. In *Johnson v. Starbuck Corp.*, *Lindsay v. Starbucks Corp.*, and *Kong v. Starbucks Corp.*, the Ninth Circuit Court of Appeals held that the standard Starbucks accessible sales and service counter which provides substantially less than 36" of space for all customers to use complies with the ADA because the entire counter is no more than 36" high. In all three cases, the Court rejected the argument you make here -- that the transaction counter must have a 36" long and clear segment. Accordingly, this claim is frivolous.

Baskets. You claim that the moveable baskets near the transaction counter block the space required by a wheelchair. As discussed above, you do not use a wheelchair or any mobility device. Thus, the amount of space in front of the transaction counter is not relevant to you and you do not have standing to challenge this condition. Furthermore, most of the photos (none of which have any measurements) show ample space for a wheelchair in front of the transaction counter. Nonetheless, the Cafes have reviewed the space in front of their transaction counter to ensure that there is at least 30" x 48" of space.

Restroom door handle. The standard lever door handle at all the Cafes fully complies with Section 309 of the 2010 Standards as it can be operated with one hand and does not require tight grasping, pinching, or twisting of the wrist. In fact, the U.S. Department of Justice states in its Americans with Disabilities Act ADA Guide for Small Businesses that "[a] lever handle is accessible because it can be operated without tight grasping, pinching or twisting." *See* https://www.ada.gov/smbusgd.pdf at 8. Moreover, it is evident from the videos in which you are texting, opening doors, and picking up items from the ground that you have no mobility limitations in your hands.

Restroom door opening force. You claim that the door opening force in the Cafés' restrooms is greater than 5 lbs but have not provided any evidence of this fact. Starbucks has checked all of these doors to ensure that the door opening force is compliant. Furthermore, you have no mobility limitation that prevents you from opening a door with more than 5 lbs. of force.

Insulation of pipes. In one location, you claim the sink pipes are not insulated. However, this condition does not impact you because you do not have a wheelchair and would not have any reason to contact the underside of the sink. In any event, new insulation has been installed.

Drive-through line blocking accessible parking – At the café located at 599 E. Danenberg Drive, Imperial Valley Mall, El Centro, CA, you allege that cars in the drive-through lane block access to the accessible parking space. This claim lacks merit for at least two reasons: (1) customers seeking to park in the accessible spaces can just cut through the drive through lane; and (2) to the extent a customer might have to wait a minute for a car in the drive-through lane to move forward, courts have made clear that minor delay or inconvenience is not an ADA violation. *See, e.g. Frankenberger v. Starwood Hotels & Resorts Worldwide, Inc.*, 2010 WL 2217871



Mr. Peter Strojnik
May 25, 2022
Page 3

(W.D.Wash.,2010); *Stephens v. Shuttle Assocs.*, (16 minute wait for assistance not an ADA violation); *Stephens v. Shuttle Assocs.*, L.L.C., 547 F. Supp. 2d 269, 277–78 (S.D.N.Y. 2008) (bus delay of 40 minutes not sufficient for ADA violation); *Anderson v. Ross Stores, Inc.*, 2000 WL 1585269 at *9 (N.D. Cal. 2000) (wait time of forty-five to sixty minutes for an accommodation was not a violation of the ADA).

\*\*\*

In sum, there is no substantive merit to your claims and you lack standing to assert them. Accordingly, Starbucks respectfully declines your offer to resolve these claims. Should you decide to pursue your claims in court, Starbucks will vigorously defend them and seek its fees and costs in addition to other sanctions when it prevails. In addition, we understand that there is an outstanding judgment against you from *Strojnik v. Village 1107 Coronado, Inc.*, Case No. 19-cv-2210-BAS-MSM and we will inform the judgment holder of any new lawsuits so that the judgment holder can place a lien on any monetary recovery.

Very truly yours,

SEYFARTH SHAW LLP

Minh N. Vu

MNV:dah

83824111v.1