SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | Case No. 4:22-cv-07094-CRB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS AND FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PREFILING ORDER**<br><br>[Santa Clara County Superior Court, Case No. 22CV402294]<br><br>Date:     January 6, 2023<br>Time:    10:00 a.m.<br>Ctrm:     6<br><br>Complaint Filed: July 21, 2022<br>Trial Date:          None Set |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 6, 2023 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Charles R. Breyer, Defendant Starbucks Corporation will and hereby does move to dismiss this action on two grounds:

First, by filing the First Amended Complaint on November 15, 2022, Plaintiff Peter Strojnik violated the United States District Court of the Northern District of California's Order declaring Plaintiff a vexatious litigant, and requiring Plaintiff to first obtain permission from this Court before bringing any civil action that "challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing" *Strojnik v. IA Lodging Napa First LLC*, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) (internal footnote omitted). Defendant also moves for sanctions against Plaintiff for violating that order, as specifically contemplated by the order.

Second, Defendant moves to dismiss the First Amended Complaint under Fed. R. Civ. P. (12)(b)(5) for insufficient service of process.

This Motion is made and based upon the following Memorandum of Points and Authorities, the attached exhibits, the pleadings and papers on file herein, and any oral argument offered at the time of the hearing.

DATED: November 23, 2022                 SEYFARTH SHAW LLP


                                         By: */s/ Myra B. Villamor*
                                             Myra B. Villamor
                                             Attorneys for Defendant
                                             STARBUCKS CORPORATION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................... 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY .......................... 2

III. ARGUMENT ............................................................................................................. 4

    A. Plaintiff's Filing Of The FAC Violates The Northern District Order And Must Be Dismissed ...................................................................................... 4

    B. The Court Should Hold A Contempt Hearing And Sanction Plaintiff For Knowingly Violating the Northern District Vexatious Litigant Order ........... 6

    C. Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(5) For Insufficient Service Of Process ..................................................................... 7

IV. CONCLUSION ......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Brockmeyer v. May*,
   383 F.3d 798 (9th Cir. 2004) ............................................................................................... 7

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ............................................................................................................. 6

*Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*,
   840 F.2d 685 (9th Cir. 1988) ............................................................................................. 7

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ........................................................................................................... 7

*S.J. v. Issaquah Sch. Dist. No. 411*,
   470 F.3d 1288 (9th Cir. 2006) ........................................................................................... 8

*Stevens v. Sec. Pac. Nat. Bank*,
   538 F.2d 1387 (9th Cir. 1976) ........................................................................................... 8

*Strojnik v. IA Lodging Napa First LLC*,
   2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D.
   Cal. June 1, 2020) ........................................................................................................ *passim*

*Strojnik v. SCG American Construction, Inc.*,
   8:19-cv-01560-JVS-JDE, Dkt. 25 (C.D. Cal. April 19, 2020) ......................................... 5

*Wages v. I.R.S.*,
   915 F.2d 1230 (9th Cir. 1990) ........................................................................................... 6

*Wood v. Santa Barbara Chamber of Commerce, Inc.*,
   699 F.2d 484 (9th Cir. 1983) (cert. denied ), 465 U.S. 1080 (1984) ............................... 6

**Federal Statutes**

28 U.S.C. § 1927 ................................................................................................................... 6

Americans with Disabilities Act Title III ............................................................... 1, 2, 4, 5

**State Statutes**

California Bus. & Prof. Code §§ 17200-17209 ................................................................. 2

California Civ. Code §§ 1750-1784 ................................................................................... 2

California Code of Civil Procedure § 391.7(c) ............................................................. 2, 3

California Code of Civil Procedure § 415.40 .................................................................. 8

California Code of Civil Procedure § 416.40 .................................................................. 8

California Code of Civil Procedure § 526(a)(1) ........................................................... 2, 4

California Disabled Persons Act ....................................................................................... 4

California Unfair Competition Law .............................................................................. 2, 4

California Unruh Civil Rights Act ............................................................................ 1, 2, 4

**Rules**

Federal Rules of Civil Procedure Rule 4 ......................................................................... 7

Federal Rules of Civil Procedure Rule 4(c)(1) ............................................................. 7, 8

Federal Rules of Civil Procedure Rule 4(e) ..................................................................... 8

Federal Rules of Civil Procedure Rule 4(m) .................................................................... 8

Federal Rules of Civil Procedure Rule 12(b)(5) ....................................................... 2, 7, 9

N.D. Cal. Local Rule 1-4 .................................................................................................. 6

## I. INTRODUCTION

This lawsuit began in Santa Clara County Superior Court when "vexatious litigant" Plaintiff Peter Strojnik ("Plaintiff") filed a Complaint against Defendant Starbucks Corporation ("Defendant") in violation of a standing court order which prohibits Plaintiff "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." (Dkt. 1, p.27.) (the "State Order"). After filing this unauthorized Complaint, Plaintiff served the Complaint on Defendant but failed to serve the Summons.

Defendant notified the Santa Clara County Superior Court of Plaintiff's unauthorized Complaint filing, but due to a backlog in the clerk's office, the court took no action to acknowledge Defendant's filing in advance of the Defendant's removal deadline. Defendant thus timely removed the case to this Court, whereupon Plaintiff filed a First Amended Complaint ("FAC") adding claims alleging violations of Title III of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). (Dkt. 11.)

Plaintiff's filing of the FAC violates Northern District Magistrate Judge Ryu's Order in *Strojnik v. IA Lodging Napa First LLC* in which she declared Plaintiff a "vexatious litigant" and prohibited him from "filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) (the "Northern District Order"). The Northern District Order also stated that Plaintiff would be subject to sanctions if he violates the Order. *Id.* at p.22. Accordingly, this Court should dismiss Plaintiff's FAC and sanction Plaintiff because he has knowingly violated the Order with impunity.

Defendant also moves to dismiss Plaintiff's FAC under Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Rule") because Plaintiff never served Defendant with a Summons.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 2, 2021, the Superior Court of the State of California, County of Santa Clara, declared Plaintiff a vexatious litigant and barred him "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." (Dkt. 1, p.27.)

In violation of the State Order, on July 21, 2022, Plaintiff filed a Complaint in the Santa Clara Superior Court entitled *Peter Strojnik v. Starbucks Corporation*, Case No. 22CV402294. (*See* Dkt. 1.) In the Complaint, Plaintiff alleged three causes of action against Defendant: (1) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of Title III of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("UCRA"); (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209, based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, non-discriminatory corporate giant with accessible stores." The Complaint alleged that physical conditions at eight Starbucks stores in California violate ADA accessibility requirements. (Dkt. 1, Ex. 1, pp.15-19.)

In addition to violating the State Order, Plaintiff also failed to file a Summons in the state court action, and failed to serve a Summons on Defendant. (Declaration of Myra B. Villamor ("Villamor Decl."), ¶¶ 4, 7.) Defendant informed Plaintiff that it would not waive service of the Summons. *Id*.

On October 21, 2022, in response to the Complaint filing and pursuant to California Code of Civil Procedure § 391.7(c) which sets forth the procedure for

responding to complaints filed by vexatious litigants such as Plaintiff, Defendant filed in the Santa Clara County Superior Court a Notice of Mistaken Filing of Vexatious Litigation.[1]  Under this rule, the filing of the Notice automatically stayed litigation in the Superior Court action, and the action should have been automatically dismissed within 10 days of the filing of the Notice unless Plaintiff, within 10 days of the filing of this Notice, obtained an order from the presiding justice or presiding judge permitting the filing of the litigation. Cal. Code of Civ. Proc. § 391.7(c).  However, due to a court backlog in inputting filings into the official docket, Defendant was unable to confirm that the Clerk of the Santa Clara County Superior Court received and processed the Notice of Mistaken Filing, or Plaintiff's response to the filing. (Villamor Decl., ¶¶ 6, 8.)[2]

In an abundance of caution, and to preserve its right to proceed in federal court, Defendant removed the action to the Northern District of California on November 11, 2022, based on diversity jurisdiction. (Dkt. 1; Villamor Decl., ¶ 8.)

---

[1]   California Code of Civil Procedure § 391.7(c) states:
> The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing.  If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve, or the presiding justice or presiding judge may direct the clerk to file and serve, on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a).  The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding justice or presiding judge permitting the filing of the litigation as set forth in subdivision (b). If the presiding justice or presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.

[2]   On October 23, 2022, Plaintiff emailed counsel for Defendant a copy of a "Request to Refer to the Presiding Judge the Honorable Theodore C. Zayner for Approval." (Dkt. 1, Exh. 3; Villamor Decl., ¶ 6.)  Defendant was unable to confirm on the official docket that the Clerk received or processed Plaintiff's Request to Refer. (Villamor Decl., ¶ 6.)

Four days after removal to this Court, on November 15, 2022, Plaintiff filed the FAC alleging seven causes of action against Defendant: (1) violation of Title III of the ADA; (2) violation of the UCRA; (3) violation of the Disabled Persons Act; (4) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of the ADA and UCRA; (5) violation of the UCL based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; (6) violation of the CLRA based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, non-discriminatory corporate giant with accessible stores"; and (7) "malice and oppression." (Dkt. 11.)

The filing of the FAC violated the Northern District Order issued by Magistrate Judge Ryu against Plaintiff in *Strojnik v. IA Lodging Napa First LLC* in which she declared Plaintiff a vexatious litigant and prohibited him from filing new accessibility lawsuits without first obtaining permission from the Court. In effort to avoid burdening the Court with this Motion and incurring unnecessary fees, Defendant on November 18, 2022, sent an email to Plaintiff informing him that his filing of the FAC violated this Court's Order requiring him to obtain permission before filing any accessibility lawsuits in this district, and requested that he dismiss the lawsuit voluntarily so that Defendant would not need to file this Motion. (Villamor Decl., ¶ 10.) Plaintiff refused to do so in writing. *Id.*

III. ARGUMENT

    A.    **Plaintiff's Filing Of The FAC Violates The Northern District Order And Must Be Dismissed.**

In *Strojnik v. IA Lodging Napa First LLC*, after conducting a detailed examination of Plaintiff's litigation history in this federal district and other districts in California, Magistrate Judge Ryu concluded that Plaintiff's "pleading practices waste the resources of the court and impose[] unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. There are

4

also strong indicia that defendants may be pressured into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense." *Strojnik v. IA Lodging Napa First LLC*, No. 4:10-cv-03983-DMR, Dkt. 66, p.21 (N.D. Cal. June 1, 2020) (internal quotations and citations omitted) (copy of the prefiling order is attached hereto as Exhibit 3 to the Declaration of Myra B. Villamor). Accordingly, on June 1, 2020, Judge Ryu entered the Northern District Order, which states:

> Strojnik is enjoined from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing. The Clerk of the Court shall not file or accept any further complaints filed by Strojnik. If Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing. *Any violation of this order will expose Strojnik to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal*.

*Id.* at 22 (emphasis added) (internal footnote omitted).³

---

³  Plaintiff has also been declared a vexatious litigant in the Central District of California, where the court noted Plaintiff's history of "directly ignoring court orders." *Strojnik v. SCG American Construction, Inc.*, 8:19-cv-01560-JVS-JDE, Dkt. 25, p.13 (C.D. Cal. April 19, 2020) ("Although Strojnik is a pro se litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases. Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims. […] Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders.").

Plaintiff's filing of the FAC without first obtaining permission from the general duty judge of this Court violated this Order. Accordingly, this action should be dismissed without prejudice as set forth in the Order.

**B.     The Court Should Hold A Contempt Hearing And Sanction Plaintiff For Knowingly Violating the Northern District Vexatious Litigant Order.**

The Northern District Order states: "Any violation of this order *will* expose Strojnik to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal." *Id.* (emphasis added); *see also* N.D. Cal. Local Rule 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction.") Thus, the Court should hold an in person contempt hearing and issue appropriate sanctions which it has the inherent power to do. *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991) (Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. The court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")[4] In fact, as Plaintiff has violated Magistrate Judge Ryu's order, this matter should be transferred to Magistrate Judge Ryu for the contempt hearing and sanctions determination.

Sanctions are appropriate here because Plaintiff was put on notice that he would be sanctioned if he violated the Northern District Order, and he did it anyway with utter impunity.

---

[4]   28 USC § 1927 provides additional grounds for sanctions against Plaintiff. Section 1927 authorizes awards against attorneys who have "multiplied the proceedings … unreasonably and vexatiously" and they may be ordered to pay the excess costs and expenses, including attorney fees resulting from their conduct. Section 1927 sanctions may be imposed upon a pre per plaintiff. *See, e.g., Wages v. I.R.S.,* 915 F.2d 1230, 1235–36 (9th Cir. 1990); *Wood v. Santa Barbara Chamber of Commerce, Inc*., 699 F.2d 484, 485–86 (9th Cir. 1983) (cert. denied ), 465 U.S. 1080 (1984)..

First, Plaintiff's knowingly violated the Northern District Order. The Northern District Order issued in a case in which he was the plaintiff. Until his disbarment in 2019, Plaintiff was an attorney who presumably understood the import of a court order. *See Strojnik v. IA Lodging Napa First LLC*, No. 4:10-cv-03983-DMR, Dkt. 66, pp.4-5 (N.D. Cal. June 1, 2020). Second, Plaintiff refused to dismiss the FAC when Defendant informed him of the Northern District Order and told him this Motion was forthcoming. (Villamor Decl., ¶ 10.) Third, Plaintiff's violation of the Northern District Order caused Defendant to incur legal fees to prepare and file this Motion to Dismiss. Plaintiff's violation the Northern District Order will also require the Court to devote resources to addressing Plaintiff's violation.

In short, there are ample grounds for the Court to order Plaintiff to pay Defendant's attorneys' fees and costs in connection with this Motion. Plaintiff's blatant disrespect of Magistrate Judge Ryu's Order must have consequences to encourage future compliance.

### C. Plaintiff's Complaint Should Be Dismissed Under Rule 12(b)(5) For Insufficient Service Of Process.

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). When a defendant is not sufficiently served (and does not waive service), "a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.*

Under Rule 12(b)(5), a court may dismiss a claim for relief based on insufficient service of process. When a defendant challenges the validity of service, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech*., 840 F.2d 685, 687 (9th Cir. 1988).

Rule 4(c)(1) provides that: "[A]summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served

within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."

Rule 4(e) provides that an individual may be served by (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (2) "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." The applicable state law, California Code of Civil Procedure section 415.40, provides that "A summons may be served on a person outside this State in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing."

Plaintiff failed to comply with Rules 4(c)(1) and 4(e) and California Code of Civil Procedure section 416.40. Plaintiff has not serve Defendant with a Summons, and Defendant has not waived service of the Summons. (Villamor Decl., ¶¶ 4, 7.)

Furthermore, Plaintiff failed the serve Defendant with the Summons within the time allowed by Rule 4(m), which states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed the Complaint on July 21, 2022. Because it is now well after 90 days after Plaintiff's filing of the Complaint, the Court may and should dismiss the action pursuant to Rule 4(m).

Where service of process is insufficient, district courts can either dismiss the action or quash service. *S.J. v. Issaquah Sch. Dist. No. 411,* 470 F.3d 1288, 1293 (9th Cir. 2006); *see Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's

8

discretion."). In light of Plaintiff's failure to serve Defendant with a Summons, Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(5).

## IV.  CONCLUSION

Based on the arguments above, Plaintiff's FAC should be dismissed for violating the Northern District Order and insufficient service of process under Rule 12(b)(5). Additionally, the Court should refer this matter to Magistrate Judge Ryu to hold a contempt hearing and determine sanctions for Plaintiff's violation of the Northern District Order.

DATED: November 23, 2022                    SEYFARTH SHAW LLP


                                            By: */s/ Myra B. Villamor*
                                                Myra B. Villamor
                                                Attorneys for Defendant
                                                STARBUCKS CORPORATION