1  SEYFARTH SHAW LLP
   Myra B. Villamor (SBN 232912)
2  mvillamor@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendant
   STARBUCKS CORPORATION

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  PETER STROJNIK, an individual,          Case No. 4:22-cv-07094-CRB

12              Plaintiff,                   **DECLARATION OF MYRA B.
                                             VILLAMOR IN SUPPORT OF
13       v.                                  DEFENDANT'S NOTICE OF
                                             MOTION AND MOTION TO
14  STARBUCKS CORPORATION,                   DISMISS AND FOR SANCTIONS
                                             FOR PLAINTIFF'S FAILURE TO
15              Defendant.                   COMPLY WITH VEXATIOUS
                                             LITIGANT PREFILING ORDER**

16                                           [Santa Clara County Superior Court,
                                             Case No. 22CV402294]
17

18                                           Date:      January 6, 2023
                                             Time:      10:00 a.m.
19                                           Ctrm:      6

20                                           Complaint Filed: July 21, 2022
                                             Trial Date:      None Set
21

22

23

24

25

26

27

28

---

DECLARATION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
PREFILING ORDER

89314004v.2

I, Myra B. Villamor, hereby declare and state as follows:

1.     I have personal knowledge of the following facts and, if called as a witness herein, could and would testify to their accuracy.

2.     I am an attorney admitted to practice in the State of California and I am admitted to appear before this Court.  I am an attorney in the Los Angeles - Century City office of Seyfarth Shaw LLP, counsel of record for Defendant Starbucks Corporation ("Defendant"), in the above-captioned matter filed by Plaintiff Peter Strojnik ("Plaintiff") (collectively the "Parties").  In my role as counsel for Defendant, all of the pleadings and other records are maintained in my office in the ordinary course of business under my direction and control.

3.     On July 21, 2022, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Santa Clara, entitled *Peter Strojnik v. Starbucks Corporation*, designated as Case No. 22CV402294 ("State Court Action"), alleging three causes of action against Defendant: (1) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of Title III of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("UCRA"); (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209, based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, non-discriminatory corporate giant with accessible stores."  (Dkt. 1, Exh. 1.)

4.     On October 12, 2022, Plaintiff served Defendant with the Complaint. Plaintiff has not served Defendant with the Summons, and Defendant has not agreed to waive service of the Summons.

5.     On October 21, 2022, Defendant filed a Notice of Mistaken Filing of

DECLARATION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PREFILING ORDER

89314004v.2

Vexatious Litigation on the grounds that Plaintiff is a vexatious litigant who had not complied with a Prefiling Order that required Plaintiff to obtain leave from the presiding justice or presiding judge of the Santa Clara Superior Court prior to filing the Complaint. (Dkt. 1, Exh. 2.)

6.      On October 23, 2022, Plaintiff emailed me a copy of a Request to Refer to the Presiding Judge the Honorable Theodore C. Zayner for Approval.  (Dkt. 1, Exh. 3.)  I was unable to confirm on the official online docket that the Clerk received or processed Plaintiff's Request to Refer.

7.      On October 24, 2022, I reminded Plaintiff that he had not served Defendant with a Summons.  I informed Plaintiff that Defendant does not waive proper service of the Summons, and that it awaits proper service of the Summons on its registered agent for service of process.  I reviewed the online docket of the State Court Action, and as of the date of the filing of this declaration, there is no entry indicating Plaintiff filed or the state court issued a Summons in the State Court Action.

8.      Due to a court backlog in inputting filings into the official docket, I was unable to confirm that the Clerk of the Santa Clara County Superior Court received and processed the Notice of Mistaken Filing, or Plaintiff's response to the filing.  In an abundance of caution, and to preserve its right to proceed in federal court, Defendant removed the action to the Northern District of California on November 11, 2022, based on diversity jurisdiction.  (Dkt. 1.)

9.      On November 15, 2022, Plaintiff filed a First Amended Complaint alleging seven causes of action against Defendant: (1) violation of Title III of the ADA; (2) violation of the UCRA; (3) violation of the Disabled Persons Act; (4) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of the ADA and UCRA; (5) violation of the UCL based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; (6) violation of the CLRA based on Defendant's alleged "unfair and

DECLARATION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PREFILING ORDER

89314004v.2

1  deceptive acts or practices by falsely representing itself as an inclusive, non-

2  discriminatory corporate giant with accessible stores"; and (7) "malice and oppression."

3  (Dkt. 11.)

4        10.    On November 18, 2022, I emailed Plaintiff to meet and confer regarding

5  Defendant's contemplated motion to dismiss Plaintiff's First Amended Complaint on the

6  grounds of his failure to comply with the Northern District of California vexatious

7  litigant prefiling order issued against him.  I informed him that Defendant would move to

8  dismiss the action pursuant to Fed. R. Civ. P. 12(b)(5), on the grounds of insufficient

9  service of process because he failed to serve Defendant with a Summons.  I also informed

10  him that for those reasons, Defendant requested that he dismiss his case immediately so

11  that it may avoid further incurring unnecessary fees and costs.  Finally, I requested that

12  Plaintiff agree to a stay of the action pending a decision on the motion to dismiss.   That

13  same day, Plaintiff informed me, in writing, that he would not agree to dismiss his action

14  or agree to a stay.  Attached as Exhibit 1 is a true and correct copy of my November 18,

15  2022 email.  Attached as Exhibit 2 is a true and correct copy of Plaintiff's response.

16        11.    Attached as Exhibit 3 is a true and correct copy of the prefiling order issued

17  in *Strojnik v. IA Lodging Napa First LLC*, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal.

18  June 1, 2020), which I obtained from PACER.

19

20        I declare under penalty of perjury under the laws of the United States that the

21  foregoing is true and correct.

22        Executed this 22nd day of November, 2022, at Los Angeles, California.

23

24        */s/ Myra B. Villamor*
          Myra B. Villamor

25

26

27

28

4

# Exhibit "1"

**Villamor, Myra B.**

| | |
|---|---|
| **From:** | Villamor, Myra B. |
| **Sent:** | Friday, November 18, 2022 4:03 PM |
| **To:** | Peter Strojnik; ps@strojnik.com |
| **Cc:** | Vu, Minh N. |
| **Subject:** | Strojnik v. Starbucks - Case 4:22-cv-07094-CRB - Meet and Confer re. Motion to Dismiss and Request for Stay |
| **Attachments:** | Strojnik v. IA Lodging - Order on Motion to Declare Strojnik Vexatious Litigant(89159976v1).PDF; Strojnik v. Ayres-Paso Robles - Vexatious Litigant Prefiling Order(89274769v1).PDF |

Peter,

I am writing to meet and confer regarding Defendant's intention to file a motion to dismiss the above-referenced action on the grounds that you are in direct violation of the attached vexatious litigant prefiling orders issued by the Northern District of California and the Santa Clara County Superior Court.

With respect to the state court prefiling order, as set forth in Defendant's Notice of Mistaken Filing of Vexatious Litigation, you did not obtain permission from the presiding justice or judge prior to filing your lawsuit against Defendant in the Santa Clara County Superior Court.

With respect to the prefiling order issued by the Northern District of California, it states:

Strojnik is enjoined from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing. The Clerk of the Court shall not file or accept any further complaints filed by Strojnik.  If Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court.  The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing.

*Strojnik v. IA Lodging Napa First LLC*, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020).

Prior to filing your First Amended Complaint against Defendant (Dkt. 11), which alleges violations of Title III of the ADA and the Unruh Civil Rights Act, and therefore "challenges access to public accommodations by disabled people," you did not first obtain certification from the general duty judge that your claims plausibly allege Article III standing.

Additionally, we will move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(5), on the grounds of insufficient service of process because you failed to serve Defendant with a Summons.

For these reasons, Defendant requests that you dismiss your case immediately so that it may avoid further incurring unnecessary fees and costs.

If you are unwilling to dismiss, we request that you stipulate to a stay of the action, including the responsive pleading deadline and General Order 56 deadlines, pending a decision on the motion to dismiss.

Please let us know by close of business Monday whether you will agree to dismiss the action, and if you are unwilling dismiss, whether you will agree to stipulate to a stay of the action.

Thank you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

        Plaintiff,

   v.

IA LODGING NAPA FIRST LLC,

        Defendant.

Case No.  19-cv-03983-DMR

**ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS; MOTION FOR SANCTIONS; AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**

Re: Dkt. Nos. 8, 51, 57

On July 10, 2019, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First LLC ("Andaz Napa"), alleging that architectural barriers at Andaz Napa's hotel ("Hotel") violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and related state laws. [Docket No. 1 ("Compl.").]  Andaz Napa moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1).  [Docket No. 7.]  Concurrently, Andaz Napa moved to declare Strojnik a vexatious litigant.  [Docket Nos. 8 ("VL Mot."), 25 ("VL Reply").]

On October 24, 2019, the court held a hearing on both motions.  Following the hearing, the court ordered Strojnik to file supplemental information relevant to the vexatious litigant motion. [Docket No. 40 ("Order to Comply").]  Strojnik filed objections.  [Docket No. 41.]  On March 19, 2020, the court ordered Strojnik to comply with the order for supplemental information.  [Docket No. 55.]  On March 21, 2020, Strojnik filed supplemental information as ordered.  [Docket No. 56.]

The court granted Andaz Napa's first motion to dismiss on February 25, 2020.  [Docket No. 49 ("Order on MTD").]  Strojnik filed an amended complaint on March 10, 2020.  [Docket No. 50 ("FAC").]  Andaz Napa filed another Rule 12(b)(1) motion challenging the amended complaint. [Docket No. 51 ("MTD Mot."), 59 ("MTD Reply").]  Strojnik opposed.  [Docket No. 54 ("MTD Opp.").]

Currently pending before the court are Andaz Napa's second motion to dismiss and motion

to declare Strojnik a vexatious litigant.[1]  For the reasons stated below, the motions are granted.  Strojnik's amended complaint is dismissed with prejudice for failure to allege standing as to his ADA claims, and his remaining state law claims are dismissed without prejudice as the court declines to exercise supplemental jurisdiction over those claims.  The court also enters a pre-filing order requiring that Strojnik's future disability access complaints filed in the Northern District of California be reviewed by the court prior to service of the summons and complaint.[2]

## I.    REQUESTS FOR JUDICIAL NOTICE

In support of the vexatious litigant motion, Andaz Napa has filed multiple requests for judicial notice ("RJNs").

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts.  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### A.    First RJN [Docket No. 29 ("RJN 1")][3]

Andaz Napa's first RJN requests judicial notice of the following documents:

Exhibits 1-2: Motions by the State of Arizona to intervene in federal ADA cases for

---

[1] Strojnik filed a motion to stay consideration of this motion.  [Docket No. 63.]  It is based on a recent decision by the Honorable James V. Selna declaring Strojnik a vexatious litigant and entering a pre-filing order against him in the Central District of California.  *See Strojnik v. SCG American Construction Inc.*, Case No. 19-cv-1560 (C.D. Cal. Apr. 19, 2020).  Strojnik argues that the current motion should not be decided before Judge Selna rules on Strojnik's request that the court supplement its vexatious litigant order.  The motion to stay is denied as moot because Judge Selna has since ruled on (and rejected) Strojnik's objections.  *See id.*, Docket No. 31.

[2] Andaz Napa filed a motion for sanctions based on Strojnik's failure to comply with the court's order for supplemental information.  [Docket No. 57.]  The motion is denied.  Although Strojnik's objections were not well-taken, he filed the requested information in substantially compliant form two days after the court overruled his objections.  Additionally, the court is granting the vexatious litigant motion and dismissing the case with prejudice.  Further sanctions are not warranted.

[3] Andaz Napa filed prior RJNs which are all consolidated in RJN 1.

2

United States District Court
Northern District of California

which Strojnik was counsel

Exhibits 3-5: Documents filed by the State Bar of Arizona as part of its complaint against Strojnik

Exhibit 6: The State Bar of Arizona attorney profile for Strojnik, listing official actions by it against Strojnik

Exhibit 7: PACER search results for Strojnik that show his litigation activities in federal courts in California, Oregon, Washington, New Mexico, Idaho, Hawaii, Texas, and Puerto Rico as of August 6, 2019

Exhibit 8: Courthouse News search results for Strojnik showing his litigation activities in California state courts

Exhibits 9-34, 36: Filings and court orders in ADA cases for which Strojnik was either counsel for the plaintiff or representing himself

Exhibit 35: Updated PACER search results for Strojnik that show his litigation activities in federal courts as of August 27, 2019

The court grants RJN 1 as to Exhibits 1-5, 9-34, and 36.  All of these exhibits contain matters of public record that are relevant to the issues in this order.  RJN 1 is denied as to Exhibit 6 because it does not contain relevant information that is not already contained in Exhibits 3-5.  It is also denied as to Exhibits 7 and 35.  They both contain PACER results relating to Strojnik's federal court litigation activities.  Although the court takes judicial notice of the existence of Strojnik's individual ADA cases, the PACER results themselves are not necessary for determination of this matter.  Similarly, RJN 1 is denied as to Exhibit 8, which contains Courthouse News search results for Strojnik's state litigation in California.  While the underlying cases cited in Exhibit 8 are subject to judicial notice, the court declines to separately consider the search results from Courthouse News.

**B.     Second RJN [Docket No. 44 ("RJN 2")]**

RJN 2 requests judicial notice of the following documents:

Exhibits 37-46: Filings and court orders in ADA cases in which Strojnik represented himself

The court grants RJN 2.  These documents are matters of public record and relevant to the

issues in this order.

    **C.    Third RJN [Docket No. 58 ("RJN 3")]**

RJN 3 requests judicial notice of the following document:

> Exhibit 1: Updated PACER search results for Strojnik that show his litigation activities in federal courts in California, Oregon, Washington, New Mexico, Idaho, Hawaii, Texas, and Puerto Rico as of October 29, 2019

The court denies RJN 3. The court takes judicial notice of the existence of Strojnik's individual ADA cases, but the PACER results are not separately necessary for determination of this matter.

    **D.    Fourth RJN [Docket No. 62 ("RJN 4")]**

RJN 4 requests judicial notice of the following document:

> Exhibit 1: Court order declaring Strojnik a vexatious litigant and granting dismissal of his first amended complaint in *Strojnik v. SGC American Construction, Inc.*, Case No. 19-cv-1560 (C.D. Cal. April 19, 2020) ("*SGC*")

The court grants RJN 4. The document is a matter of public record and relevant to the issues in this order.

    **E.    Fifth RJN [Docket No. 65 ("RJN 5")]**

RJN 5 requests judicial notice of the following document:

> Exhibit 1: Court order denying Strojnik's request to supplement the order declaring him a vexatious litigant in *SGC*

The court grants RJN 5. The document is a matter of public record and relevant to the court's decision to deny Strojnik's motion to stay in this case, as explained in footnote 1, above.

## II.    BACKGROUND

    **A.    Strojnik's Disability Access Litigation**

Strojnik is a "retired 67 year old disabled veteran and a former lawyer" who lives in Arizona. [Docket No. 23 ("Strojnik Decl.") ¶¶ 2, 20.] As an attorney, Strojnik represented disabled individuals in both state and federal court and filed over 1,700 complaints in Arizona state courts. *Id.* ¶ 2; RJN 1, Ex. 3 ("Order of Interim Suspension"), at 4. The Attorney General of Arizona filed

4

a motion to intervene on behalf of the State in one such case, *Advocates for Individuals with Disabilities, LLC v. 1639 40th Street LLC*, Maricopa County Superior Court Case No. CV2016-090506, which involved over 1,000 consolidated cases.[4]  Another federal court summarized those state court proceedings as follows:

> [O]n request of the Arizona Attorney General, more than 1,000 identical cases filed by Strojnik and [his associate] were consolidated in Arizona superior court. By written order of March 2, 2017, the superior court dismissed all the consolidated cases with prejudice for lack of standing, except one. . . . [In the one case that was not dismissed,] a different judge had previously ruled the complaint was "sufficient to withstand a Motion to Dismiss based on lack of standing."

*Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 894 (D. Ariz. 2017).  The state court presiding over the consolidated cases found that the plaintiffs lacked standing because they "failed to show a distinct and palpable injury in these cases."  *Id.*

The State Bar of Arizona opened an investigation into Strojnik.  On July 11, 2018, it suspended Strojnik's bar license because of his conduct relating to ADA and state law disability litigation.  Order of Interim Suspension at 4.  According to the State Bar of Arizona, the complaints in the cases filed by Strojnik were "all very similar, alleging vague and non-specific violations."  *Id.*  It found that Strojnik demanded large attorneys' fees in each case, regardless of whether the business remedied the alleged violations.  *Id.*  In some cases, he sued dirt lots or businesses that were not subject to the ADA and hired people from Craigslist to take pictures of businesses that might be non-compliant.  *Id.* at 5.  The presiding disciplinary judge determined that "[t]he evidence and testimony show that Mr. Strojnik is partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice."  *Id.* at 16.  On November 16, 2018, the State Bar of Arizona filed a complaint against Strojnik based on similar allegations relating to his disability litigation.  RJN, Ex. 4.  Strojnik voluntarily consented to disbarment on May 10, 2019.  Strojnik Decl. ¶ 19.

Since his disbarment, Strojnik has represented himself in numerous ADA cases before district courts in the Ninth Circuit.  His litigation history in the California federal courts forms the

---

[4] Andaz Napa did not attach the state court filings to its request for judicial notice.

United States District Court
Northern District of California

basis for this motion.

### B. The Present Case

As described above, the court granted Andaz Napa's first motion to dismiss on February 25, 2020 on the basis that he failed to allege Article III standing. Strojnik filed an amended complaint, and Andaz Napa's current motion to dismiss argues that his pleadings are still insufficient with respect to standing.

Andaz Napa also moved to declare Strojnik a vexatious litigant. The court ordered Strojnik to provide specific information about his ADA litigation in this district. This information is discussed further below.

The court now analyzes each of the two pending motions.

### III. ORDER ON SECOND MOTION TO DISMISS

Andaz Napa moves to dismiss Strojnik's FAC under Rule 12(b)(1) for lack of standing.

### A. Legal Standard

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Because standing is a jurisdictional issue, it is properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). In order to satisfy Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

### B. Allegations

Strojnik alleges that he has multiple disabilities, including severe right-sided neural

United States District Court
Northern District of California

6

foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, renal cancer, and a degenerative right knee. FAC ¶ 3. He asserts that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." *Id.* ¶ 4. Strojnik's FAC includes a table that lists his disabilities and the limitations they impose on his major life activities. *Id.* ¶ 13.

Strojnik represents that he "intended to visit California Wine Country" and reviewed hotel booking websites in advance of his trip. FAC ¶ 25. He identified the Hotel through these sites. *Id.* ¶ 26. Strojnik alleges that both third-party websites and Andaz Napa's website "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." *Id.* ¶¶ 27, 29. He avers that Andaz Napa's booking website "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶ 30.

Strojnik visited the Hotel on April 18, 2019. FAC ¶ 14. He alleges that he encountered numerous barriers during his visit. He identifies these barriers through a series of photographs he took, which depict various features in the Hotel. *Id.* ¶¶ 15-16. Each photograph is captioned with a brief description of the alleged barrier. *Id.* ¶ 15. According to Strojnik, he intends to return to the Hotel when it becomes compliant with the ADA. FAC ¶ 12. Specifically, he states that he has travelled to and lodged in California over 200 times, and visits Wine Country approximately every 6 months to stock up on wine and spirits. *Id.* ¶ 21. Strojnik asserts that he would prefer to stay at the Hotel because it is "centrally located to the various wineries in the area and because it appears to be of sufficient quality and star rating." *Id.* ¶ 20. At the time he filed the FAC, he had two trips to Napa planned (in April and May 2020) and represents that he would stay at the Hotel if it became ADA compliant. *Id.* ¶ 21. Strojnik avers that he is currently deterred from visiting the Hotel because he knows the Hotel is not ADA compliant. *Id.*

### C.    Discussion

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. Standing for injunctive

7

1     relief requires a plaintiff to establish a "real and immediate threat of repeated injury." *Fortyune v.*
2     *Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Ninth Circuit caselaw establishes
3     that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by
4     demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*
5     *v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Andaz Napa asserts that Strojnik
6     has failed to establish either an injury-in-fact coupled with an intent to return or, alternatively, that
7     he was deterred from visiting the Hotel because of the allegedly noncompliant features.

8          **1.    Actual Encounters**

9          An ADA plaintiff may establish standing if he encountered a noncompliant barrier related
10    to his disability and there is "a sufficient likelihood that he will again be wronged in a similar way."
11    See *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

12         **a.    Injury-in-Fact**

13         In granting Andaz Napa's first motion to dismiss, the court explained that Strojnik's
14    complaint failed to allege injury-in-fact because he "does not explain which accessibility features
15    are required to accommodate his disability." Order on MTD at 4. The court noted that the pictures
16    Strojnik attached to his complaint contain vague and generic captions that include no information
17    about how the depicted features violate the ADA or pose a barrier to him based on his disabilities.
18    *See Chapman*, 631 F.3d at 947 n. 4 ("[A] plaintiff's standing to claim an ADA violation is
19    necessarily linked to the nature of his disability."). For example, Strojnik alleges that Andaz Napa
20    has an "inaccessible check in counter" but does not explain how that feature relates to his disability.
21    *See* Compl. at 15, 21. He also asserts that Andaz Napa's website did not sufficiently describe
22    accessibility features but does not identify which features are necessary to accommodate his
23    disability or allege that those specific features were not identified on the website.

24         Despite being on notice of these fundamental pleading deficiencies, Strojnik filed an
25    amended complaint that entirely fails to address them. The FAC contains the same photographs
26    with the same captions. It contains no additional allegations relating to Andaz Napa's website.
27    Although Strojnik submitted additional information about his disabilities, he again failed to state in
28    even the most basic way how the features displayed in the photographs are inaccessible to him based

United States District Court
Northern District of California

8

1    on his disabilities.  *See* FAC at 3.

2        The court again finds that "the generic descriptions in the complaint are too vague to assess

3    whether and how Strojnik was injured by Andaz Napa."  Order on MTD at 4-5.

                                **b.    Intent to Return**

5        Since Strojnik has not adequately pleaded an injury-in-fact, the court need not reach whether

6    he has sufficiently alleged an intent to return.  *See Chapman*, 631 F.3d at 944 (holding that an ADA

7    plaintiff may establish standing with respect to actual encounters by "demonstrating injury-in-fact

8    coupled with an intent to return to a noncompliant facility").

                        **2.    Deterrence**

10       As an alternative to establishing an actual encounter with a barrier, an ADA plaintiff may

11   establish standing by pleading that he was deterred from visiting the facility in the first place.

12   "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal

13   barriers at a public accommodation to which he or she desires access, that plaintiff need not engage

14   in the 'futile gesture' of attempting to gain access in order to show actual injury."  *Pickern v. Holiday*

15   *Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)).

16   However, even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier"

17   and an intent to visit a facility once it is ADA compliant.  *Civil Rights Educ. & Enf't Ctr. v. Hosp.*

18   *Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREEC*").

19       Strojnik's FAC, like his original complaint, fails to adequately plead that he was deterred

20   from visiting the Hotel.  For the reasons explained above, he has not alleged actual knowledge of

21   the barriers related to his disability that deterred him from patronizing the Hotel.  The photographs

22   attached to his complaint have generic and vague descriptions that do not explain either why the

23   identified features are not ADA compliant or how they are related to his disability.

24       In sum, Strojnik has once again failed to plead either injury-in-fact or deterrence, and

25   therefore his complaint must be dismissed for lack of standing.[5]  Each of the issues examined above

26   was addressed in the court's order on Andaz Napa's first motion to dismiss.  The court explicitly

27   laid out which allegations were insufficient and gave Strojnik the opportunity to address those

28

---

[5] The court declines to exercise supplemental jurisdiction over Strojnik's remaining state law claims.

United States District Court
Northern District of California

deficiencies. He has failed to do so. Although he is self-represented, he is no lay person. Given his long history and experience as a lawyer in disability access litigation which has resulted in significant judicial rulings on the issue of standing, he cannot base his pleading failures on a lack of knowledge or unfamiliarity with that legal doctrine. Accordingly, Strojnik's FAC is dismissed with prejudice as to his ADA claims, and without prejudice as to the state law claims for which the court declines supplemental jurisdiction.

## IV.    VEXATIOUS LITIGANT MOTION

### A.    Legal Standard

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Under the All Writs Act, a district court has "the inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," including through the use of pre-filing orders. *Id.* at 1147 (internal quotation marks omitted). However, such orders are "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is . . . a serious matter" that carries constitutional implications. *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014); *see also Molski*, 500 F.3d at 1057 ("Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts.").

### B.    Discussion

In *De Long*, the Ninth Circuit outlined four factors that district courts must consider before entering a pre-filing order against a litigant. First, the litigant must be given notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147. Second, the district court must "create an adequate record for review." *Id.* Third, the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Finally, pre-filing restrictive orders "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

//

United States District Court
Northern District of California

1

### 1.    Notice and Opportunity to be Heard

The first factor "simply requires that the litigant be given an opportunity to oppose the order before it is entered." *Ou-Young v. Roberts*, No. 13-cv-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013). No hearing is required as long as the party potentially subject to a pre-filing order has the opportunity to fully brief the issue. *Reddy v. MedQuist, Inc.*, No. 12-cv-01324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012).

Here, Strojnik had the opportunity to file an opposition to the motion and also presented oral argument. Accordingly, the first *De Long* factor has been met here.

### 2.    Adequate Record for Review

The second *De Long* factor requires the court to create an adequate record for review. *De Long*, 912 F.2d at 1147. An adequate record for review "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order is needed." *Id.* At the least, the record must "show, in some manner, that the litigant's activities were numerous or abusive." *Id.*

There is an ample record for review. In response to the court's order to provide supplemental information, Strojnik filed a spreadsheet that lists all of the ADA cases that he has filed in federal courts in California as of March 20, 2020. [Supp. Br., Ex 1 ("Spreadsheet").] The spreadsheet describes 114 cases,[6] including 34 filed in the Northern District of California, and indicates the litigation status (settlement, judgment, appeal, or ongoing) of each case. *Id.* The spreadsheet lists the estimated costs he expends for each lawsuit and reports that the gross total amount he has received in settlement is $249,079. For most of the cases, Strojnik also provided what he labels as "due diligence reports" that list the defendant entities, show screenshots of their allegedly inaccessible websites, and provide pictures of the barriers he allegedly encountered at the sites. *See* Supp. Br., Exs. 2-107.

The court reviewed all 114 cases filed by Strojnik in California district courts and takes judicial notice of the same. The relevant information about these cases is summarized as follows:

ADA cases filed in California district courts: 114

---

[6] There are 116 cases listed, but two of them are duplicative.

United States District Court
Northern District of California

o   Northern District: 34

o   Eastern District: 24

o   Central District: 34

o   Southern District: 22

Cases tried on the merits: 0

Cases Strojnik reports as settled, in which the defendant did not make an appearance: 20

Cases Strojnik reports as settled, in which the defendant made an appearance but did not file a motion to dismiss (or withdrew a motion to dismiss): 40

Cases dismissed and closed by the court: 9

o   Following a Rule 12(b)(1) motion on lack of standing: 3

   ▪   *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 (C.D. Cal. Aug. 14, 2019) (dismissing without leave to amend for failure to allege standing), *aff'd*, ____ Fed. App'x ____, 2020 WL 1875249 (9th Cir. 2020)

   ▪   *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 (C.D. Cal. Dec. 9, 2019) (same)

   ▪   *Strojnik Sr. v. Orangewood LLC*, Case No. 19-cv-946, Docket No. 43 (C.D. Cal. Jan. 22, 2020) (same).  The court in *Orangewood* allowed Strojnik to amend his complaint twice before finally dismissing the complaint with prejudice for failure to allege standing.

o   Other reasons: 6

   ▪   *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-5149, Docket No. 11 (N.D. Cal. Jan. 3, 2020) (dismissing complaint for failure to prosecute)

   ▪   *Strojnik v. Griffin*, Case No. 18-1619, Docket No. 25 (E.D. Cal. Dec. 2, 2019) (order adopting magistrate judge's report and recommendation and dismissing complaint for failure to follow court orders and failure to prosecute)

- *Strojnik v. Integrated Capital, LLC*, Case No. 19-cv-1099, Docket No. 11 (E.D. Cal.) (order adopting magistrate judge's report and recommendation and dismissing complaint for failure to follow court orders and failure to prosecute)
- *Strojnik v. Singpoli Group, LLC*, Case No. 19-cv-66, Docket No. 14 (C.D. Cal. Feb. 14, 2019) (dismissing complaint for failure to comply with court orders), *aff'd*, ___ Fed. App'x. ___, 2020 WL 1877692 (9th Cir. 2020)
- *Strojnik v. DMD Lodging, Inc.*, Case No. 20-cv-64, Docket No. 11 (C.D. Cal. Apr. 1, 2020) (dismissing complaint for failure to prosecute and failure to comply with court orders)
- *Strojnik v. La Jolla Bed & Breakfast Inc.*, Case No. 19-cv-1186, Docket No. 8 (S.D. Cal. Jan. 9, 2020) (dismissing complaint without prejudice for failure to prosecute)

Ongoing: 41

- ○ *Sua sponte* dismissing complaint for failure to allege standing and granting leave to amend: 4
  - *Strojnik v. SWK Properties, LLC*, Case No. 20-cv-255, Docket No. 20 (C.D. Cal. May 5, 2020)
  - *Strojnik v. Shakti Investments, LLC*, Case No. 20-cv-256, Docket No. 7 (C.D. Cal. Apr. 2, 2020)
  - *Strojnik v. Lee Family Trust*, Case No. 20-cv-257, Docket No. 14 (C.D. Cal. May 5, 2020)
  - *Strojnik v. 1315 Orange LLC*, Case No. 19-cv-1991, Docket No. 3 (S.D. Cal. Oct. 25, 2019)
- ○ Granting a motion to dismiss with leave to amend: 8 (including the present case)
  - *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 (N.D. Cal. Dec. 19, 2019)
  - *Strojnik v. Bakersfield Convention Hotel Convention I, LLC*, Case No.

13

19-1098, Docket No. 17 (E.D. Cal. Jan. 31, 2020)

- ▪ *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 19-cv-1194, Docket No. 22 (E.D. Cal. Nov. 21, 2019)

- ▪ *Strojnik v. Wickstrom Hospitality, LLC*, Case No. 19-cv-2043, Docket No. 15 (E.D. Cal. May 15, 2020)

- ▪ *Strojnik, Sr. v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020)

- ▪ *Strojnik Sr. v. Shandilya, Inc.*, Case No. 20-cv-254, Docket No. 23 (C.D. Cal. May 5, 2020)

- ▪ *Strojnik Sr. v. President Hotel Investment, LLC*, Case No. 20-cv-258, Docket No. 27 (C.D. Cal. May 5, 2020)

- o Denying a motion to dismiss: 2

  - ▪ *Strojnik v. 574 Escuela, LLC*, Case No. 18-cv-6777-JD, Docket No. 20 (N.D. Cal. Mar. 31, 2020)

  - ▪ *Strojnik v GF Carneros Tenant, LLC*, Case No. 19-cv-3583-JSC, Docket No. 28 (N.D. Cal. Nov. 13, 2019)

- o Pending a ruling on a dispositive motion: 12

- o Pending a ruling on a vexatious litigant motion: 4 (including the present case)

  - ▪ *Strojnik v. VY Verasa Commercial Company LLC*, Case No. 19-cv-2556-WHO (N.D. Cal.)

  - ▪ *Strojnik v. Xenia Hotels & Resorts, Inc.*, Case No. 19-cv-3082-NC (N.D. Cal.)

  - ▪ *Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.)

- o Declaring Strojnik a vexatious litigant: 1

  - ▪ *Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020)

- o Other cases pending actions: 1

14

1
2
3
4

&#8226; *Strojnik v. The Victus Group, Inc.*, Case No. 18-cv-1620, Docket No. 16 (E.D. Cal. Mar. 27, 2020): District judge declined to adopt report and recommendation to enter default judgment against defendant on the basis that Strojnik failed to allege standing.

5

Miscellaneous: 4

6

o Voluntarily dismissed but unclear whether it was due to settlement: 3

7

o Other: 1

8
9
10
11

&#8226; *Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.): Defendant made an offer of judgment with respect to Strojnik's claims, which Strojnik accepted. Litigation continues over Defendant's counterclaim.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Notably, the case information submitted by Strojnik omits some important details. For example, Strojnik reported that several cases had not been dismissed and implied that they were ongoing as of March 20, 2020. *See Strojnik v. Griffin*, Case No. 18-cv-1619 (E.D. Cal.); *Strojnik v. Integrated Capital, LLC*, Case No. 19-cv-1099 (E.D. Cal.), *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-5149-LHK (N.D. Cal.). In fact, those cases were dismissed before Strojnik filed his supplemental information, all on the basis of failure to prosecute, failure to comply with court orders, or both. Strojnik also cited *Strojnik v. The Victus Group, Inc.*, Case No. 18-cv-1620 (E.D. Cal.) as an example of a case where a court found his standing allegations adequately pleaded. This is incorrect and misleading; the court order referenced by Strojnik is a report and recommendation by a magistrate judge on a motion for default judgment that the district judge declined to adopt because Strojnik failed to allege facts to support his standing to bring suit. *See id.*, Docket No. 16 ("The vast majority of pictures are indecipherable, there is no explanation of how or why something is a barrier under the ADAAG, and . . . there are insufficient factual allegations of how any alleged barrier affects Strojnik's disability."). Finally, Strojnik indicated that a court had entered judgment in his favor but did not clarify that the defendant had voluntarily offered the judgment. *See Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.).

27
28

Based on the court's extensive review of Strojnik's ADA litigation in California federal

courts, as summarized above, there is an adequate record for review.

### 3. Frivolous or Harassing Filings

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *Molski*, 500 F.3d at 1059, and requires the court to "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d at 431.). "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148) (further citations omitted).

*Molski* provides an illustration of applying the *De Long* factors in an ADA case. There, the disabled plaintiff Molski visited a restaurant and used the restroom. 500 F.3d at 1050. He alleged that the restroom did not have enough clear space to allow him to access the toilet from his wheelchair. *Id.* at 1051. As he was exiting the restroom, his hand was allegedly caught in the restroom door and injured. *Id.* He filed an ADA case based on those and other alleged architectural barriers. The defendant restaurant filed a motion to declare Molski a vexatious litigant and the district court granted the motion. *Id.* It noted that Molski had an "extensive history of litigation," and while the number of suits alone does not warrant imposition of a pre-filing order, the "volume of suits might indicate an intent to harass defendants into agreeing to cash settlements." *Id.* The district court also noted that Molski's complaints were "textually and factually similar." *Id.* The court determined that some of Molski's allegations appeared "contrived," such as suffering identical injuries in different establishments on the same day. *Id.* The district court also noted that Molski had "tried on the merits only one of his approximately 400 suits and had settled all the others," which it found was indicative of Molski's intent to extract quick cash settlements. *Id.* at 1052. Accordingly, the court entered a pre-filing order against Molski. The Ninth Circuit affirmed, holding that "[i]n light of the district court's finding that Molski did not suffer the injuries he claimed, it was not clearly erroneous for the district court to conclude that the large number of complaints filed by Molski containing false or exaggerated allegations of injury were vexatious." *Id.* at 1059.

The record underlying this motion bears similarities to that in *Molski*. As detailed above,

Strojnik has an "extensive history of litigation." *See Molski*, 500 F.3d at 1051. He has settled the majority of his cases early in litigation, either before the defendant has appeared or soon thereafter. This pattern of early settlements may indicate an intent to extract quick case settlements. *See id.* at 1052. The complaints in Strojnik's ADA cases are substantially identical, substituting only the name of the defendant and other minor details. For example, the complaint in this case is word-for-word identical to the complaint in *Strojnik v. VY Verasa Commercial Company LLC*, Case No. 19-cv-2556-WHO (N.D. Cal.), except for identifying information about the defendants and the pictures of the alleged barriers.[7] Other courts have also noted that Strojnik's template allegations are nearly identical across cases. *See Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 at 10 (C.D. Cal. Apr. 19, 2020) (citing cases); *MidFirst Bank*, 279 F. Supp. 3d at 893 ("Template complaints filled with non-specific allegations have become the stock-in-trade of . . . Peter Strojnik . . . .").

Strojnik's boilerplate complaints raise important concerns regarding the fundamental requirement of Article III standing. In order to establish standing by either actual encounters with a barrier or deterrence, an ADA plaintiff must establish that an alleged barrier relates to his disability. *Chapman*, 631 F.3d at 947 n. 4. ("[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."). The court explained above how both Strojnik's original complaint and FAC fail to provide any details about how the Hotel's features pose a barrier to him based on his specific disabilities. As early as 2017, courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's particular disabilities. This practice was evident in ADA cases for which Strojnik served as counsel. *See, e.g.*, *Advocates for Individuals with Disabilities Found., Inc. v. Circle K Properties, Inc.*, No. 16-cv-02358, 2017 WL 2637886, at *5 (D. Ariz. Mar. 20, 2017) ("[W]hile the lodged amended complaint states that [the plaintiff] is disabled, it does not identify what his disability is or how the alleged discriminatory barrier affects his specific disability."); *MidFirst Bank*, 279 F. Supp. 3d at 893 ("The complaint never specifies what [the plaintiff's] disability is or how the [defendant's]

---

[7] *VY Verasa* also brings a claim based on the Defendants' alleged threats to report Strojnik to the Arizona State Bar. This case does not have such a claim.

United States District Court
Northern District of California

parking lot's purported deficiencies denied him access to any facilities."); *Gastelum v. Canyon Hospitality LLC*, 2018 WL 2388047, at (D. Ariz. May 25, 2018) ("[The plaintiff] has failed to indicate in any of the complaints how the facility constructs a barrier to his particular disability."). The complaints Strojnik now files on his own behalf contain the exact same flaw. *See, e.g., Strojnik v. v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 at 4 fn. 1 (C.D. Cal. Aug. 14, 2019) ("[H]aving failed to articulate in allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation 'affects the plaintiff in a personal and individual way.'" (quoting *Lujan*, 504 U.S. at 560 n. 1)); *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 at 7 (N.D. Cal. Dec. 19, 2019) ("The lack of details about Plaintiff's particular physical limitations, combined with the conclusionary captions of the photographs submitted in the addendum, renders the complaint unclear as to whether and how the alleged barriers affected Plaintiff's use of enjoyment of the facility."); *Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 at 5 (C.D. Cal. Dec. 9, 2019) ("Plaintiff does not state facts showing how the purported violations affect him or interfere with his mobility needs, and the captions in the Addendum are bare legal conclusions cast in the form of factual allegations.").

This court and others have noted Strojnik's intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies. *See supra; see also Orangewood LLC*, Case No. 19-cv-946, Docket No. 43 at 8 fn. 7 (C.D. Cal. Jan. 22, 2020) ("Particularly frustrating is Plaintiff's failure to make any changes to Addendum A despite his evolving theories and the specific flaws identified in the Court's prior order."); *Hotel Circle GL Holdings, LLC*, Case No. 19-cv-1194, Docket No. 22 at 5-6 (E.D. Cal. Nov. 21, 2019) ("Several district courts have dismissed complaints similar to the one before this court filed by plaintiff after finding that he did not properly allege standing to invoke the court's jurisdiction in those cases. Plaintiff is therefore well aware of the applicable Ninth Circuit law governing standing to assert an ADA . . . ."). Therefore, Strojnik has a longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and a plaintiff's disability.

The court previously explained why Strojnik's pleading practices warrant scrutiny under a

United States District Court
Northern District of California

1    vexatious litigant rubric:

2              Strojnik's form complaint and generic opposition brief raise the question of
       whether his pleadings are made in good faith or whether he is merely relying
3      on the federal court's liberal policy of granting leave to amend. The number
       of other, essentially identical, complaints he has filed in this district raise a
4      concern that Strojnik files bare-bones complaints that do not meet pleading
       standards in order to pressure ADA defendants into settlements before the
5      court can reach the merits of his claims.

6    Order on Motion to Dismiss at 8.  The court's Order to Comply expanded on its concern:

7              A litigant who mills out generic complaints that do not meet pleading
       standards, knowing that either the case will settle without reaching the
8      merits or that the court will grant leave to amend, is abusing the judicial
       process. Such a litigation strategy wastes the resources of the court, which
9      must repeatedly rule on the same pleading issues. It also imposes unjustified
       costs on parties who are forced to defend loosely pleaded complaints that
10     do not allege specific facts about their misconduct. Most concerning, the
       mere fact of filing a lawsuit (regardless of its pleading sufficiency) may
11     pressure defendants into settling what might be meritless claims rather than
       incur the considerable time and resources required to retain counsel and
12     mount a defense.

13
14   Order to Comply at 2.  As in *Molski*, the concerns about Strojnik's pleading practices extend well

15   beyond the mere number of cases he files.  Here, Strojnik has filed a large volume of cases

16   containing boilerplate allegations that omit basic details necessary to establish standing.  He has also

17   demonstrated a pattern of failure to address this fundamental flaw despite rulings from multiple

18   judges.  The record as a whole therefore "might indicate an intent to harass defendants."  *See Molski*,

19   500 F.3d at 1051.

20          Arguably, *Molski* is distinguishable because there was evidence in that case that Molski's

21   allegations were not credible.  For example, he alleged that he suffered identical injuries in different

22   establishments on the same day.  500 F.3d at 1051.  By contrast, there is no clear evidence that

23   Strojnik has made misrepresentations in his complaints.  However, his pleading practices may be

24   designed to deceive.  A key repeated concern about Strojnik's pleadings is that his allegations are

25   vague.  He repeatedly fails to allege how alleged barriers violate the ADA or affected him based on

26   his specific disabilities.  While Molski made specific representations about which injuries he

27   suffered to which parts of his body, Strojnik broadly alleges non-specific violations of the ADA

28   with no supporting authority.  As a result, his pleadings provide little information that can either be

19

confirmed or discredited. The pervasiveness of Strojnik's pleading flaws, coupled with his refusal to correct the issues, suggest that he may be deliberately evading the kind of scrutiny the court applied in *Molski*. Accordingly, the lack of clear misrepresentations in Strojnik's complaints does not assuage the court's concerns.

On April 19, 2020, a court in the Central District of California granted a motion to declare Strojnik a vexatious litigant. *See Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020). That court reviewed Strojnik's extensive ADA litigation history and noted that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims." *Id.* at 12. The court recognized that although Strojnik is a pro se litigant, he is "also a former attorney with vast knowledge and experience in the realm of ADA cases" and yet continues to file "near identical lawsuits." *Id.* at 13. The court accordingly entered a pre-filing order enjoining Strojnik from filing ADA cases in the Central District without first obtaining certification from the Chief Judge of that district that his claims are not frivolous or asserted for an improper purpose. *Id.* at 14. The concerns raised by *SCG America Construction* are similar to those examined in this order and provide further support that a pre-filing order is an appropriate remedy at this time.

As detailed above, the vast majority of courts who have reached the issue have granted Rule 12(b)(1) motions for lack of standing or dismissed Strojnik's complaints *sua sponte* on that basis. It should be noted that two cases in this district have reached a different conclusion. *See Strojnik v. 574 Escuela, LLC*, Case No. 18-cv-6777-JD, Docket No. 20 (N.D. Cal. Mar. 31, 2020); *Strojnik v. GF Carneros Tenant, LLC*, Case No. 19-cv-3583-JSC, Docket No. 28 (N.D. Cal. Nov. 13, 2019). However, those decisions examined intent to return to or deterrence from visiting an establishment under the ADA, which are distinct issues from whether an ADA plaintiff has adequately pleaded the existence of barriers and a connection to his disability. *See Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23, at 6 (N.D. Cal. Jan. 3, 2020) ("*Carneros* focuses on whether the plaintiff had adequately alleged a genuine intent to return to the hotel that was at the subject of that case. [That issues does] not bear directly on Defendant's argument that Plaintiff has failed to plead facts establishing that the alleged barriers at the Hotel affect his full and equal

United States District Court
Northern District of California

20

enjoyment of the facility on account of his particular disability."). Further, Strojnik primarily relies on *CREEC* to argue that his standing allegations are adequate. As noted by *Resort at Indian Springs*, the plaintiffs in *CREEC* alleged that they use wheelchairs for mobility and that the defendant hotels failed to provide wheelchair-accessible transportation. *See CREEC*, 867 F.3d at 1097-98. The plaintiffs' disabilities were therefore directly tied to the alleged barriers. Accordingly, the two opinions in this district that found Strojnik adequately alleged standing did not address the issues examined by the court in this order.

In sum, the record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate. The concerns raised by the court address exactly the kind of conduct that pre-filing orders are intended to prevent. *See De Long*, 912 F.2d at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Strojnik's pleading practices waste the resources of the court and "impose[] unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." *See* Order to Comply at 2. There are also strong indicia that defendants may be pressured into settling "what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense." *Id.*

For all of the foregoing reasons, the court finds that Strojnik's litigation tactics are frivolous and harassing. Accordingly, Andaz Napa's motion to declare Strojnik a vexatious litigant is granted and the court will enter a pre-filing order to screen Strojnik's disability access complaints..

#### 4. Tailoring of Pre-Filing Order

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. For example, pre-filing orders that restrict a litigant's ability to file any suit, in any district, are overbroad. *See id.* However, *Molski* upheld a pre-filing order that prevented the plaintiff from filing ADA cases in the Central District of California. *Id.* Given that the record in this case relates entirely to Strojnik's disability access litigation, it is appropriate to restrict the pre-filing order to cases that

allege violations of the ADA or related state disability laws. In addition, the pre-filing order will apply only to cases Strojnik files in the Northern District of California. The order will not prevent Strojnik from filing disability access cases in this district; rather, it will merely subject his complaints to an initial review to determine whether they plausibly allege Article III standing. This order is appropriate to protect defendants from needlessly litigating the same issues across multiple cases and judges, and to reduce the possibility that defendants will be harassed into settling baseless claims.

V.      **CONCLUSION**

For the reasons stated above, Andaz Napa's motion to declare Strojnik a vexatious litigant is granted. Strojnik is enjoined from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing.[8] The Clerk of the Court shall not file or accept any further complaints filed by Strojnik. If Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing. Any violation of this order will expose Strojnik to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

Andaz Napa's second motion to dismiss for lack of subject matter jurisdiction is granted without leave to amend. The Clerk shall enter judgment for Andaz Napa and against Strojnik and close the file in this matter.

**IT IS SO ORDERED.**

Dated: June 1, 2020

Donna M. Ryu
United States Magistrate Judge

---

[8] This order does not apply to an attorney with the same first and last name, Peter Kristofer Strojnik, who is licensed to practice in California under State Bar Number 242728.

VL-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: 152861 | FOR COURT USE ONLY |

ATTORNEY OR PARTY WITHOUT ATTORNEY:
*(To be completed only if a party is making the motion)*
NAME: Philip H. Stillman
FIRM NAME: STILLMAN & ASSOCIATES
STREET ADDRESS: 3015 North Bay Road, Suite B
CITY: Miami Beach          STATE: FL      ZIP CODE: 33140
TELEPHONE NO.: (888) 235-4279      FAX NO.: (888) 235-4279
E-MAIL ADDRESS: pstillman@stillmanassociates.com
ATTORNEY FOR *(name)*: Hotel Cheval, LLC
STATE BAR NUMBER: 152861

☐ COURT OF APPEAL,    APPELLATE DISTRICT, DIVISION
☒ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Luis Obispo
STREET ADDRESS: 901 Park Street
MAILING ADDRESS:
CITY AND ZIP CODE: Paso Robles, CA 93446
BRANCH NAME: Paso Robles Branch

FOR COURT USE ONLY

**FILED**

**FEB 02 2021**

SAN LUIS OBISPO SUPERIOR COURT
BY _____
Jayme Carragar, Deputy Clerk

CASE NAME:
Peter Strojnik v. Ayres-Paso Robles, L.P., et al.,

**PREFILING ORDER—VEXATIOUS LITIGANT**

CASE NUMBER:
20CVP0189

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:

   Peter Strojnik
   7847 N. Central Avenue
   Phoenix, Arizona 85020

2. This prefiling order is entered pursuant to a motion made by ☐ the court  ☒ party *(name)*: Hotel Cheval, LLC

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the Judicial Council of California by fax at 415-865-4329 or by mail at the address below.

   Vexatious Litigant Prefiling Orders
   Judicial Council of California
   455 Golden Gate Avenue
   San Francisco, California 94102-3688

Date: 2/2/21

_____
JUDICIAL OFFICER

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
VL-100 [Rev. September 1, 2018]

**PREFILING ORDER—VEXATIOUS LITIGANT**

Code of Civil Procedure, § 391.7
www.courts.ca.gov

privacy, please press the Clear This Form button after y⟨    [Print this form]    [Save this form]    [Clear this form]

Exhibit "**2**"

**Villamor, Myra B.**

| | |
|---|---|
| **From:** | Peter Strojnik <strojnikp@gmail.com> |
| **Sent:** | Friday, November 18, 2022 4:07 PM |
| **To:** | Villamor, Myra B. |
| **Cc:** | ps@strojnik.com; Vu, Minh N. |
| **Subject:** | Re: Strojnik v. Starbucks - Case 4:22-cv-07094-CRB - Meet and Confer re. Motion to Dismiss and Request for Stay |

---

**This Message Is From an External Sender**
This message came from outside your organization.

---

I do not agree to dismiss nor do I agree to stay the action.

Best, Peter

On Fri, Nov 18, 2022 at 5:04 PM Villamor, Myra B. <MVillamor@seyfarth.com> wrote:

> Peter,
>
> I am writing to meet and confer regarding Defendant's intention to file a motion to dismiss the above-referenced action on the grounds that you are in direct violation of the attached vexatious litigant prefiling orders issued by the Northern District of California and the Santa Clara County Superior Court.
>
> With respect to the state court prefiling order, as set forth in Defendant's Notice of Mistaken Filing of Vexatious Litigation, you did not obtain permission from the presiding justice or judge prior to filing your lawsuit against Defendant in the Santa Clara County Superior Court.
>
> With respect to the prefiling order issued by the Northern District of California, it states:
>
> Strojnik is enjoined from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing. The Clerk of the Court shall not file or accept any further complaints filed by Strojnik.  If Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court.  The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing.
>
> *Strojnik v. IA Lodging Napa First LLC*, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020).
>
> Prior to filing your First Amended Complaint against Defendant (Dkt. 11), which alleges violations of Title III of the ADA and the Unruh Civil Rights Act, and therefore "challenges access to public accommodations by disabled people," you did not first obtain certification from the general duty judge that your claims plausibly allege Article III standing.
>
> Additionally, we will move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(5), on the grounds of insufficient service of process because you failed to serve Defendant with a Summons.

For these reasons, Defendant requests that you dismiss your case immediately so that it may avoid further incurring unnecessary fees and costs.

If you are unwilling to dismiss, we request that you stipulate to a stay of the action, including the responsive pleading deadline and General Order 56 deadlines, pending a decision on the motion to dismiss.

Please let us know by close of business Monday whether you will agree to dismiss the action, and if you are unwilling dismiss, whether you will agree to stipulate to a stay of the action.

Thank you.


**Myra B. Villamor** | Counsel | Seyfarth Shaw LLP
2029 Century Park East | Suite 3500 | Los Angeles, California 90067-3021
Direct: +1-310-201-1522 | Fax: +1-310-551-8319
mvillamor@seyfarth.com | www.seyfarth.com



CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.


--
Cordially,



Peter Strojnik
STROJNIK
7847 N. Central Ave. [maps.google.com]
Phoenix, AZ 85020 [maps.google.com]
Telephone: 602-524-6602
e-mail strojnikp@gmail.com


This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify us by reply e-mail and immediately and permanently delete this message and any attachments.

# Exhibit "**3**"

1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7     PETER STROJNIK,                          Case No.  19-cv-03983-DMR

8                 Plaintiff,

9          v.                                  **ORDER ON DEFENDANT'S SECOND
                                               MOTION TO DISMISS; MOTION FOR
10    IA LODGING NAPA FIRST LLC,               SANCTIONS; AND MOTION TO
                                               DECLARE PLAINTIFF A VEXATIOUS
11                Defendant.                   LITIGANT**

12                                             Re: Dkt. Nos. 8, 51, 57

13         On July 10, 2019, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First

14   LLC ("Andaz Napa"), alleging that architectural barriers at Andaz Napa's hotel ("Hotel") violate

15   the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and related state laws.

16   [Docket No. 1 ("Compl.").]  Andaz Napa moved to dismiss the complaint for lack of subject matter

17   jurisdiction pursuant to Federal Rule 12(b)(1).  [Docket No. 7.]  Concurrently, Andaz Napa moved

18   to declare Strojnik a vexatious litigant.  [Docket Nos. 8 ("VL Mot."), 25 ("VL Reply").]

19         On October 24, 2019, the court held a hearing on both motions.  Following the hearing, the

20   court ordered Strojnik to file supplemental information relevant to the vexatious litigant motion.

21   [Docket No. 40 ("Order to Comply").]  Strojnik filed objections.  [Docket No. 41.]  On March 19,

22   2020, the court ordered Strojnik to comply with the order for supplemental information.  [Docket

23   No. 55.]  On March 21, 2020, Strojnik filed supplemental information as ordered.  [Docket No. 56.]

24         The court granted Andaz Napa's first motion to dismiss on February 25, 2020.  [Docket No.

25   49 ("Order on MTD").]  Strojnik filed an amended complaint on March 10, 2020.  [Docket No. 50

26   ("FAC").]  Andaz Napa filed another Rule 12(b)(1) motion challenging the amended complaint.

27   [Docket No. 51 ("MTD Mot."), 59 ("MTD Reply").]  Strojnik opposed.  [Docket No. 54 ("MTD

28   Opp.").]

           Currently pending before the court are Andaz Napa's second motion to dismiss and motion

*United States District Court*
*Northern District of California*

to declare Strojnik a vexatious litigant.[1]  For the reasons stated below, the motions are granted. Strojnik's amended complaint is dismissed with prejudice for failure to allege standing as to his ADA claims, and his remaining state law claims are dismissed without prejudice as the court declines to exercise supplemental jurisdiction over those claims.  The court also enters a pre-filing order requiring that Strojnik's future disability access complaints filed in the Northern District of California be reviewed by the court prior to service of the summons and complaint.[2]

# I.    REQUESTS FOR JUDICIAL NOTICE

In support of the vexatious litigant motion, Andaz Napa has filed multiple requests for judicial notice ("RJNs").

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201. "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## A.    First RJN [Docket No. 29 ("RJN 1")][3]

Andaz Napa's first RJN requests judicial notice of the following documents:

Exhibits 1-2: Motions by the State of Arizona to intervene in federal ADA cases for

---

[1]  Strojnik filed a motion to stay consideration of this motion.  [Docket No. 63.]  It is based on a recent decision by the Honorable James V. Selna declaring Strojnik a vexatious litigant and entering a pre-filing order against him in the Central District of California.  *See Strojnik v. SCG American Construction Inc.*, Case No. 19-cv-1560 (C.D. Cal. Apr. 19, 2020).  Strojnik argues that the current motion should not be decided before Judge Selna rules on Strojnik's request that the court supplement its vexatious litigant order.  The motion to stay is denied as moot because Judge Selna has since ruled on (and rejected) Strojnik's objections.  *See id.*, Docket No. 31.

[2]  Andaz Napa filed a motion for sanctions based on Strojnik's failure to comply with the court's order for supplemental information.  [Docket No. 57.]  The motion is denied.  Although Strojnik's objections were not well-taken, he filed the requested information in substantially compliant form two days after the court overruled his objections.  Additionally, the court is granting the vexatious litigant motion and dismissing the case with prejudice.  Further sanctions are not warranted.

[3]  Andaz Napa filed prior RJNs which are all consolidated in RJN 1.

2

United States District Court
Northern District of California

which Strojnik was counsel

Exhibits 3-5: Documents filed by the State Bar of Arizona as part of its complaint against Strojnik

Exhibit 6: The State Bar of Arizona attorney profile for Strojnik, listing official actions by it against Strojnik

Exhibit 7: PACER search results for Strojnik that show his litigation activities in federal courts in California, Oregon, Washington, New Mexico, Idaho, Hawaii, Texas, and Puerto Rico as of August 6, 2019

Exhibit 8: Courthouse News search results for Strojnik showing his litigation activities in California state courts

Exhibits 9-34, 36: Filings and court orders in ADA cases for which Strojnik was either counsel for the plaintiff or representing himself

Exhibit 35: Updated PACER search results for Strojnik that show his litigation activities in federal courts as of August 27, 2019

The court grants RJN 1 as to Exhibits 1-5, 9-34, and 36.  All of these exhibits contain matters of public record that are relevant to the issues in this order.  RJN 1 is denied as to Exhibit 6 because it does not contain relevant information that is not already contained in Exhibits 3-5.  It is also denied as to Exhibits 7 and 35.  They both contain PACER results relating to Strojnik's federal court litigation activities.  Although the court takes judicial notice of the existence of Strojnik's individual ADA cases, the PACER results themselves are not necessary for determination of this matter. Similarly, RJN 1 is denied as to Exhibit 8, which contains Courthouse News search results for Strojnik's state litigation in California.  While the underlying cases cited in Exhibit 8 are subject to judicial notice, the court declines to separately consider the search results from Courthouse News.

**B.    Second RJN [Docket No. 44 ("RJN 2")]**

RJN 2 requests judicial notice of the following documents:

Exhibits 37-46: Filings and court orders in ADA cases in which Strojnik represented himself

The court grants RJN 2.  These documents are matters of public record and relevant to the

United States District Court
Northern District of California

issues in this order.

### C.    Third RJN [Docket No. 58 ("RJN 3")]

RJN 3 requests judicial notice of the following document:

> Exhibit 1: Updated PACER search results for Strojnik that show his litigation
> activities in federal courts in California, Oregon, Washington, New Mexico, Idaho,
> Hawaii, Texas, and Puerto Rico as of October 29, 2019

The court denies RJN 3. The court takes judicial notice of the existence of Strojnik's individual ADA cases, but the PACER results are not separately necessary for determination of this matter.

### D.    Fourth RJN [Docket No. 62 ("RJN 4")]

RJN 4 requests judicial notice of the following document:

> Exhibit 1: Court order declaring Strojnik a vexatious litigant and granting dismissal
> of his first amended complaint in *Strojnik v. SGC American Construction, Inc.*, Case
> No. 19-cv-1560 (C.D. Cal. April 19, 2020) ("*SGC*")

The court grants RJN 4. The document is a matter of public record and relevant to the issues in this order.

### E.    Fifth RJN [Docket No. 65 ("RJN 5")]

RJN 5 requests judicial notice of the following document:

> Exhibit 1: Court order denying Strojnik's request to supplement the order declaring
> him a vexatious litigant in *SGC*

The court grants RJN 5. The document is a matter of public record and relevant to the court's decision to deny Strojnik's motion to stay in this case, as explained in footnote 1, above.

## II.    BACKGROUND

### A.    Strojnik's Disability Access Litigation

Strojnik is a "retired 67 year old disabled veteran and a former lawyer" who lives in Arizona. [Docket No. 23 ("Strojnik Decl.") ¶¶ 2, 20.] As an attorney, Strojnik represented disabled individuals in both state and federal court and filed over 1,700 complaints in Arizona state courts. *Id.* ¶ 2; RJN 1, Ex. 3 ("Order of Interim Suspension"), at 4. The Attorney General of Arizona filed

United States District Court
Northern District of California

4

a motion to intervene on behalf of the State in one such case, *Advocates for Individuals with Disabilities, LLC v. 1639 40th Street LLC*, Maricopa County Superior Court Case No. CV2016-090506, which involved over 1,000 consolidated cases.[4]   Another federal court summarized those state court proceedings as follows:

> [O]n request of the Arizona Attorney General, more than 1,000 identical cases filed by Strojnik and [his associate] were consolidated in Arizona superior court. By written order of March 2, 2017, the superior court dismissed all the consolidated cases with prejudice for lack of standing, except one. . . . [In the one case that was not dismissed,] a different judge had previously ruled the complaint was "sufficient to withstand a Motion to Dismiss based on lack of standing."

*Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 894 (D. Ariz. 2017).   The state court presiding over the consolidated cases found that the plaintiffs lacked standing because they "failed to show a distinct and palpable injury in these cases." *Id.*

The State Bar of Arizona opened an investigation into Strojnik.   On July 11, 2018, it suspended Strojnik's bar license because of his conduct relating to ADA and state law disability litigation.   Order of Interim Suspension at 4.   According to the State Bar of Arizona, the complaints in the cases filed by Strojnik were "all very similar, alleging vague and non-specific violations." *Id.* It found that Strojnik demanded large attorneys' fees in each case, regardless of whether the business remedied the alleged violations. *Id.*   In some cases, he sued dirt lots or businesses that were not subject to the ADA and hired people from Craigslist to take pictures of businesses that might be non-compliant. *Id.* at 5.   The presiding disciplinary judge determined that "[t]he evidence and testimony show that Mr. Strojnik is partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice." *Id.* at 16.   On November 16, 2018, the State Bar of Arizona filed a complaint against Strojnik based on similar allegations relating to his disability litigation.   RJN, Ex. 4.   Strojnik voluntarily consented to disbarment on May 10, 2019.   Strojnik Decl. ¶ 19.

Since his disbarment, Strojnik has represented himself in numerous ADA cases before district courts in the Ninth Circuit.   His litigation history in the California federal courts forms the

---

[4] Andaz Napa did not attach the state court filings to its request for judicial notice.

basis for this motion.

### B.    The Present Case

As described above, the court granted Andaz Napa's first motion to dismiss on February 25, 2020 on the basis that he failed to allege Article III standing.  Strojnik filed an amended complaint, and Andaz Napa's current motion to dismiss argues that his pleadings are still insufficient with respect to standing.

Andaz Napa also moved to declare Strojnik a vexatious litigant.  The court ordered Strojnik to provide specific information about his ADA litigation in this district.  This information is discussed further below.

The court now analyzes each of the two pending motions.

### III.    ORDER ON SECOND MOTION TO DISMISS

Andaz Napa moves to dismiss Strojnik's FAC under Rule 12(b)(1) for lack of standing.

### A.    Legal Standard

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Because standing is a jurisdictional issue, it is properly addressed under a Rule 12(b)(1) motion.  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).  In order to satisfy Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

### B.    Allegations

Strojnik alleges that he has multiple disabilities, including severe right-sided neural

United States District Court
Northern District of California

6

1    foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, renal cancer, and a

2    degenerative right knee.  FAC ¶ 3.  He asserts that he "walks with difficulty and pain and requires

3    compliant mobility accessible features at places of public accommodation." *Id.* ¶ 4.  Strojnik's FAC

4    includes a table that lists his disabilities and the limitations they impose on his major life activities.

5    *Id.* ¶ 13.

6            Strojnik represents that he "intended to visit California Wine Country" and reviewed hotel

7    booking websites in advance of his trip.  FAC ¶ 25.  He identified the Hotel through these sites.  *Id.*

8    ¶ 26.  Strojnik alleges that both third-party websites and Andaz Napa's website "failed to identify

9    and describe mobility related accessibility features and guest rooms offered through its reservation

10   service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's

11   Hotel meets his accessibility needs."  *Id.* ¶¶ 27, 29.  He avers that Andaz Napa's booking website

12   "failed to make reservations for accessible guest rooms available in the same manner as individuals

13   who do not need accessible rooms."  *Id.* ¶ 30.

14           Strojnik visited the Hotel on April 18, 2019.  FAC ¶ 14.  He alleges that he encountered

15   numerous barriers during his visit.  He identifies these barriers through a series of photographs he

16   took, which depict various features in the Hotel.  *Id.* ¶¶ 15-16.  Each photograph is captioned with

17   a brief description of the alleged barrier.  *Id.* ¶ 15.  According to Strojnik, he intends to return to the

18   Hotel when it becomes compliant with the ADA.  FAC ¶ 12.  Specifically, he states that he has

19   travelled to and lodged in California over 200 times, and visits Wine Country approximately every

20   6 months to stock up on wine and spirits.  *Id.* ¶ 21.  Strojnik asserts that he would prefer to stay at

21   the Hotel because it is "centrally located to the various wineries in the area and because it appears

22   to be of sufficient quality and star rating."  *Id.* ¶ 20. At the time he filed the FAC, he had two trips

23   to Napa planned (in April and May 2020) and represents that he would stay at the Hotel if it became

24   ADA compliant.  *Id.* ¶ 21.  Strojnik avers that he is currently deterred from visiting the Hotel because

25   he knows the Hotel is not ADA compliant.  *Id.*

       **C.    Discussion**

26           Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff

27   alleging ADA violations must establish standing to pursue injunctive relief.  Standing for injunctive

28

1   relief requires a plaintiff to establish a "real and immediate threat of repeated injury." *Fortyune v.*
2   *Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Ninth Circuit caselaw establishes
3   that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by
4   demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*
5   *v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Andaz Napa asserts that Strojnik
6   has failed to establish either an injury-in-fact coupled with an intent to return or, alternatively, that
7   he was deterred from visiting the Hotel because of the allegedly noncompliant features.

8                    **1.    Actual Encounters**

9        An ADA plaintiff may establish standing if he encountered a noncompliant barrier related
10  to his disability and there is "a sufficient likelihood that he will again be wronged in a similar way."
11  See *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

12                   **a.    Injury-in-Fact**

13       In granting Andaz Napa's first motion to dismiss, the court explained that Strojnik's
14  complaint failed to allege injury-in-fact because he "does not explain which accessibility features
15  are required to accommodate his disability." Order on MTD at 4. The court noted that the pictures
16  Strojnik attached to his complaint contain vague and generic captions that include no information
17  about how the depicted features violate the ADA or pose a barrier to him based on his disabilities.
18  *See Chapman*, 631 F.3d at 947 n. 4 ("[A] plaintiff's standing to claim an ADA violation is
19  necessarily linked to the nature of his disability."). For example, Strojnik alleges that Andaz Napa
20  has an "inaccessible check in counter" but does not explain how that feature relates to his disability.
21  *See* Compl. at 15, 21. He also asserts that Andaz Napa's website did not sufficiently describe
22  accessibility features but does not identify which features are necessary to accommodate his
23  disability or allege that those specific features were not identified on the website.

24       Despite being on notice of these fundamental pleading deficiencies, Strojnik filed an
25  amended complaint that entirely fails to address them. The FAC contains the same photographs
26  with the same captions. It contains no additional allegations relating to Andaz Napa's website.
27  Although Strojnik submitted additional information about his disabilities, he again failed to state in
28  even the most basic way how the features displayed in the photographs are inaccessible to him based

1    on his disabilities.  *See* FAC at 3.

2        The court again finds that "the generic descriptions in the complaint are too vague to assess

3    whether and how Strojnik was injured by Andaz Napa."  Order on MTD at 4-5.

4                    **b.    Intent to Return**

5        Since Strojnik has not adequately pleaded an injury-in-fact, the court need not reach whether

6    he has sufficiently alleged an intent to return.  *See Chapman*, 631 F.3d at 944 (holding that an ADA

7    plaintiff may establish standing with respect to actual encounters by "demonstrating injury-in-fact

8    coupled with an intent to return to a noncompliant facility").

9                **2.    Deterrence**

10        As an alternative to establishing an actual encounter with a barrier, an ADA plaintiff may

11   establish standing by pleading that he was deterred from visiting the facility in the first place.

12   "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal

13   barriers at a public accommodation to which he or she desires access, that plaintiff need not engage

14   in the 'futile gesture' of attempting to gain access in order to show actual injury."  *Pickern v. Holiday*

15   *Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)).

16   However, even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier"

17   and an intent to visit a facility once it is ADA compliant.  *Civil Rights Educ. & Enf't Ctr. v. Hosp.*

18   *Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREEC*").

19        Strojnik's FAC, like his original complaint, fails to adequately plead that he was deterred

20   from visiting the Hotel.  For the reasons explained above, he has not alleged actual knowledge of

21   the barriers related to his disability that deterred him from patronizing the Hotel.  The photographs

22   attached to his complaint have generic and vague descriptions that do not explain either why the

23   identified features are not ADA compliant or how they are related to his disability.

24        In sum, Strojnik has once again failed to plead either injury-in-fact or deterrence, and

25   therefore his complaint must be dismissed for lack of standing.[5]  Each of the issues examined above

26   was addressed in the court's order on Andaz Napa's first motion to dismiss.  The court explicitly

27   laid out which allegations were insufficient and gave Strojnik the opportunity to address those

28

---

[5] The court declines to exercise supplemental jurisdiction over Strojnik's remaining state law claims.

9

United States District Court
Northern District of California

1    deficiencies.  He has failed to do so.  Although he is self-represented, he is no lay person.  Given

2    his long history and experience as a lawyer in disability access litigation which has resulted in

3    significant judicial rulings on the issue of standing, he cannot base his pleading failures on a lack of

4    knowledge or unfamiliarity with that legal doctrine.  Accordingly, Strojnik's FAC is dismissed with

5    prejudice as to his ADA claims, and without prejudice as to the state law claims for which the court

6    declines supplemental jurisdiction.

7    **IV.    VEXATIOUS LITIGANT MOTION**

8        **A.    Legal Standard**

9        "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to

10   preempt the use of judicial time that properly could be used to consider the meritorious claims of

11   other litigants."  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).  Under the All Writs

12   Act, a district court has "the inherent power . . . to regulate the activities of abusive litigants by

13   imposing carefully tailored restrictions under the appropriate circumstances," including through the

14   use of pre-filing orders.  *Id.* at 1147 (internal quotation marks omitted).  However, such orders are

15   "an extreme remedy that should rarely be used."  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d

16   1047, 1057 (9th Cir. 2007).  "Restricting access to the courts is . . . a serious matter" that carries

17   constitutional implications.  *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th

18   Cir. 2014); *see also Molski*, 500 F.3d at 1057 ("Courts should not enter pre-filing orders with undue

19   haste because such sanctions can tread on a litigant's due process right of access to the courts.").

20       **B.    Discussion**

21       In *De Long*, the Ninth Circuit outlined four factors that district courts must consider before

22   entering a pre-filing order against a litigant.  First, the litigant must be given notice and an

23   opportunity to be heard.  *De Long*, 912 F.2d at 1147.  Second, the district court must "create an

24   adequate record for review."  *Id.*  Third, the court must make "substantive findings as to the frivolous

25   or harassing nature of the litigant's actions."  *Id.* at 1148 (quoting *In re Powell*, 851 F.2d 427, 431

26   (D.C. Cir. 1988)).  Finally, pre-filing restrictive orders "must be narrowly tailored to closely fit the

27   specific vice encountered."  *Id.*

28   //

*United States District Court*
*Northern District of California*

10

United States District Court
Northern District of California

### 1.    Notice and Opportunity to be Heard

The first factor "simply requires that the litigant be given an opportunity to oppose the order before it is entered." *Ou-Young v. Roberts*, No. 13-cv-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013). No hearing is required as long as the party potentially subject to a pre-filing order has the opportunity to fully brief the issue. *Reddy v. MedQuist, Inc.*, No. 12-cv-01324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012).

Here, Strojnik had the opportunity to file an opposition to the motion and also presented oral argument. Accordingly, the first *De Long* factor has been met here.

### 2.    Adequate Record for Review

The second *De Long* factor requires the court to create an adequate record for review. *De Long*, 912 F.2d at 1147. An adequate record for review "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order is needed." *Id.* At the least, the record must "show, in some manner, that the litigant's activities were numerous or abusive." *Id.*

There is an ample record for review. In response to the court's order to provide supplemental information, Strojnik filed a spreadsheet that lists all of the ADA cases that he has filed in federal courts in California as of March 20, 2020. [Supp. Br., Ex 1 ("Spreadsheet").] The spreadsheet describes 114 cases,[6] including 34 filed in the Northern District of California, and indicates the litigation status (settlement, judgment, appeal, or ongoing) of each case. *Id.* The spreadsheet lists the estimated costs he expends for each lawsuit and reports that the gross total amount he has received in settlement is $249,079. For most of the cases, Strojnik also provided what he labels as "due diligence reports" that list the defendant entities, show screenshots of their allegedly inaccessible websites, and provide pictures of the barriers he allegedly encountered at the sites. *See* Supp. Br., Exs. 2-107.

The court reviewed all 114 cases filed by Strojnik in California district courts and takes judicial notice of the same. The relevant information about these cases is summarized as follows:

ADA cases filed in California district courts: 114

---

[6] There are 116 cases listed, but two of them are duplicative.

o Northern District: 34

o Eastern District: 24

o Central District: 34

o Southern District: 22

Cases tried on the merits: 0

Cases Strojnik reports as settled, in which the defendant did not make an appearance: 20

Cases Strojnik reports as settled, in which the defendant made an appearance but did not file a motion to dismiss (or withdrew a motion to dismiss): 40

Cases dismissed and closed by the court: 9

o Following a Rule 12(b)(1) motion on lack of standing: 3

▪ *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 (C.D. Cal. Aug. 14, 2019) (dismissing without leave to amend for failure to allege standing), *aff'd*, ____ Fed. App'x ____, 2020 WL 1875249 (9th Cir. 2020)

▪ *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 (C.D. Cal. Dec. 9, 2019) (same)

▪ *Strojnik Sr. v. Orangewood LLC*, Case No. 19-cv-946, Docket No. 43 (C.D. Cal. Jan. 22, 2020) (same). The court in *Orangewood* allowed Strojnik to amend his complaint twice before finally dismissing the complaint with prejudice for failure to allege standing.

o Other reasons: 6

▪ *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-5149, Docket No. 11 (N.D. Cal. Jan. 3, 2020) (dismissing complaint for failure to prosecute)

▪ *Strojnik v. Griffin*, Case No. 18-1619, Docket No. 25 (E.D. Cal. Dec. 2, 2019) (order adopting magistrate judge's report and recommendation and dismissing complaint for failure to follow court orders and failure to prosecute)

12

- ▪ *Strojnik v. Integrated Capital, LLC*, Case No. 19-cv-1099, Docket No. 11 (E.D. Cal.) (order adopting magistrate judge's report and recommendation and dismissing complaint for failure to follow court orders and failure to prosecute)

- ▪ *Strojnik v. Singpoli Group, LLC*, Case No. 19-cv-66, Docket No. 14 (C.D. Cal. Feb. 14, 2019) (dismissing complaint for failure to comply with court orders), *aff'd*, ___ Fed. App'x. ___, 2020 WL 1877692 (9th Cir. 2020)

- ▪ *Strojnik v. DMD Lodging, Inc.*, Case No. 20-cv-64, Docket No. 11 (C.D. Cal. Apr. 1, 2020) (dismissing complaint for failure to prosecute and failure to comply with court orders)

- ▪ *Strojnik v. La Jolla Bed & Breakfast Inc.*, Case No. 19-cv-1186, Docket No. 8 (S.D. Cal. Jan. 9, 2020) (dismissing complaint without prejudice for failure to prosecute)

Ongoing: 41

- o *Sua sponte* dismissing complaint for failure to allege standing and granting leave to amend: 4

  - ▪ *Strojnik v. SWK Properties, LLC*, Case No. 20-cv-255, Docket No. 20 (C.D. Cal. May 5, 2020)

  - ▪ *Strojnik v. Shakti Investments, LLC*, Case No. 20-cv-256, Docket No. 7 (C.D. Cal. Apr. 2, 2020)

  - ▪ *Strojnik v. Lee Family Trust*, Case No. 20-cv-257, Docket No. 14 (C.D. Cal. May 5, 2020)

  - ▪ *Strojnik v. 1315 Orange LLC*, Case No. 19-cv-1991, Docket No. 3 (S.D. Cal. Oct. 25, 2019)

- o Granting a motion to dismiss with leave to amend: 8 (including the present case)

  - ▪ *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 (N.D. Cal. Dec. 19, 2019)

  - ▪ *Strojnik v. Bakersfield Convention Hotel Convention I, LLC*, Case No.

13

United States District Court
Northern District of California

19-1098, Docket No. 17 (E.D. Cal. Jan. 31, 2020)

- *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 19-cv-1194, Docket No. 22 (E.D. Cal. Nov. 21, 2019)

- *Strojnik v. Wickstrom Hospitality, LLC*, Case No. 19-cv-2043, Docket No. 15 (E.D. Cal. May 15, 2020)

- *Strojnik, Sr. v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020)

- *Strojnik Sr. v. Shandilya, Inc.*, Case No. 20-cv-254, Docket No. 23 (C.D. Cal. May 5, 2020)

- *Strojnik Sr. v. President Hotel Investment, LLC*, Case No. 20-cv-258, Docket No. 27 (C.D. Cal. May 5, 2020)

o Denying a motion to dismiss: 2

- *Strojnik v. 574 Escuela, LLC*, Case No. 18-cv-6777-JD, Docket No. 20 (N.D. Cal. Mar. 31, 2020)

- *Strojnik v GF Carneros Tenant, LLC*, Case No. 19-cv-3583-JSC, Docket No. 28 (N.D. Cal. Nov. 13, 2019)

o Pending a ruling on a dispositive motion: 12

o Pending a ruling on a vexatious litigant motion: 4 (including the present case)

- *Strojnik v. VY Verasa Commercial Company LLC*, Case No. 19-cv-2556-WHO (N.D. Cal.)

- *Strojnik v. Xenia Hotels & Resorts, Inc.*, Case No. 19-cv-3082-NC (N.D. Cal.)

- *Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.)

o Declaring Strojnik a vexatious litigant: 1

- *Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020)

o Other cases pending actions: 1

- *Strojnik v. The Victus Group, Inc.*, Case No. 18-cv-1620, Docket No. 16 (E.D. Cal. Mar. 27, 2020): District judge declined to adopt report and recommendation to enter default judgment against defendant on the basis that Strojnik failed to allege standing.

Miscellaneous: 4

- o Voluntarily dismissed but unclear whether it was due to settlement: 3
- o Other: 1
  - *Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.): Defendant made an offer of judgment with respect to Strojnik's claims, which Strojnik accepted. Litigation continues over Defendant's counterclaim.

Notably, the case information submitted by Strojnik omits some important details. For example, Strojnik reported that several cases had not been dismissed and implied that they were ongoing as of March 20, 2020. *See Strojnik v. Griffin*, Case No. 18-cv-1619 (E.D. Cal.); *Strojnik v. Integrated Capital, LLC*, Case No. 19-cv-1099 (E.D. Cal.), *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-5149-LHK (N.D. Cal.). In fact, those cases were dismissed before Strojnik filed his supplemental information, all on the basis of failure to prosecute, failure to comply with court orders, or both. Strojnik also cited *Strojnik v. The Victus Group, Inc.*, Case No. 18-cv-1620 (E.D. Cal.) as an example of a case where a court found his standing allegations adequately pleaded. This is incorrect and misleading; the court order referenced by Strojnik is a report and recommendation by a magistrate judge on a motion for default judgment that the district judge declined to adopt because Strojnik failed to allege facts to support his standing to bring suit. *See id.*, Docket No. 16 ("The vast majority of pictures are indecipherable, there is no explanation of how or why something is a barrier under the ADAAG, and . . . there are insufficient factual allegations of how any alleged barrier affects Strojnik's disability."). Finally, Strojnik indicated that a court had entered judgment in his favor but did not clarify that the defendant had voluntarily offered the judgment. *See Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.).

Based on the court's extensive review of Strojnik's ADA litigation in California federal

15

courts, as summarized above, there is an adequate record for review.

### 3.    Frivolous or Harassing Filings

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *Molski*, 500 F.3d at 1059, and requires the court to "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d at 431.). "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148) (further citations omitted).

*Molski* provides an illustration of applying the *De Long* factors in an ADA case.  There, the disabled plaintiff Molski visited a restaurant and used the restroom.  500 F.3d at 1050.  He alleged that the restroom did not have enough clear space to allow him to access the toilet from his wheelchair.  *Id.* at 1051.  As he was exiting the restroom, his hand was allegedly caught in the restroom door and injured.  *Id.*  He filed an ADA case based on those and other alleged architectural barriers.  The defendant restaurant filed a motion to declare Molski a vexatious litigant and the district court granted the motion.  *Id.*  It noted that Molski had an "extensive history of litigation," and while the number of suits alone does not warrant imposition of a pre-filing order, the "volume of suits might indicate an intent to harass defendants into agreeing to cash settlements."  *Id.*  The district court also noted that Molski's complaints were "textually and factually similar."  *Id.*  The court determined that some of Molski's allegations appeared "contrived," such as suffering identical injuries in different establishments on the same day.  *Id.*  The district court also noted that Molski had "tried on the merits only one of his approximately 400 suits and had settled all the others," which it found was indicative of Molski's intent to extract quick cash settlements.  *Id.* at 1052. Accordingly, the court entered a pre-filing order against Molski.  The Ninth Circuit affirmed, holding that "[i]n light of the district court's finding that Molski did not suffer the injuries he claimed, it was not clearly erroneous for the district court to conclude that the large number of complaints filed by Molski containing false or exaggerated allegations of injury were vexatious." *Id.* at 1059.

The record underlying this motion bears similarities to that in *Molski*.  As detailed above,

1   Strojnik has an "extensive history of litigation." *See Molski*, 500 F.3d at 1051.  He has settled the

2   majority of his cases early in litigation, either before the defendant has appeared or soon thereafter.

3   This pattern of early settlements may indicate an intent to extract quick case settlements. *See id.* at

4   1052.  The complaints in Strojnik's ADA cases are substantially identical, substituting only the

5   name of the defendant and other minor details.  For example, the complaint in this case is word-for-

6   word identical to the complaint in *Strojnik v. VY Verasa Commercial Company LLC*, Case No. 19-

7   cv-2556-WHO (N.D. Cal.), except for identifying information about the defendants and the pictures

8   of the alleged barriers.[7]  Other courts have also noted that Strojnik's template allegations are nearly

9   identical across cases.  *See Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560,

10  Docket No. 25 at 10 (C.D. Cal. Apr. 19, 2020) (citing cases); *MidFirst Bank*, 279 F. Supp. 3d at 893

11  ("Template complaints filled with non-specific allegations have become the stock-in-trade of . . .

12  Peter Strojnik . . . .").

13       Strojnik's boilerplate complaints raise important concerns regarding the fundamental

14  requirement of Article III standing.  In order to establish standing by either actual encounters with

15  a barrier or deterrence, an ADA plaintiff must establish that an alleged barrier relates to his

16  disability. *Chapman*, 631 F.3d at 947 n. 4. ("[A] plaintiff's standing to claim an ADA violation is

17  necessarily linked to the nature of his disability.").  The court explained above how both Strojnik's

18  original complaint and FAC fail to provide any details about how the Hotel's features pose a barrier

19  to him based on his specific disabilities.  As early as 2017, courts in the Ninth Circuit have repeatedly

20  admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's

21  particular disabilities.  This practice was evident in ADA cases for which Strojnik served as counsel.

22  *See, e.g.*, *Advocates for Individuals with Disabilities Found., Inc. v. Circle K Properties, Inc.*, No.

23  16-cv-02358, 2017 WL 2637886, at *5 (D. Ariz. Mar. 20, 2017) ("[W]hile the lodged amended

24  complaint states that [the plaintiff] is disabled, it does not identify what his disability is or how the

25  alleged discriminatory barrier affects his specific disability."); *MidFirst Bank*, 279 F. Supp. 3d at

26  893 ("The complaint never specifies what [the plaintiff's] disability is or how the [defendant's]

27  ────────────────

[7] *VY Verasa* also brings a claim based on the Defendants' alleged threats to report Strojnik to the
28  Arizona State Bar.  This case does not have such a claim.

United States District Court
Northern District of California

parking lot's purported deficiencies denied him access to any facilities."); *Gastelum v. Canyon Hospitality LLC*, 2018 WL 2388047, at (D. Ariz. May 25, 2018) ("[The plaintiff] has failed to indicate in any of the complaints how the facility constructs a barrier to his particular disability."). The complaints Strojnik now files on his own behalf contain the exact same flaw. *See, e.g.*, *Strojnik v. v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 at 4 fn. 1 (C.D. Cal. Aug. 14, 2019) ("[H]aving failed to articulate in allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation 'affects the plaintiff in a personal and individual way.'" (quoting *Lujan*, 504 U.S. at 560 n. 1)); *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 at 7 (N.D. Cal. Dec. 19, 2019) ("The lack of details about Plaintiff's particular physical limitations, combined with the conclusionary captions of the photographs submitted in the addendum, renders the complaint unclear as to whether and how the alleged barriers affected Plaintiff's use of enjoyment of the facility."); *Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 at 5 (C.D. Cal. Dec. 9, 2019) ("Plaintiff does not state facts showing how the purported violations affect him or interfere with his mobility needs, and the captions in the Addendum are bare legal conclusions cast in the form of factual allegations.").

This court and others have noted Strojnik's intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies. *See supra*; *see also Orangewood LLC*, Case No. 19-cv-946, Docket No. 43 at 8 fn. 7 (C.D. Cal. Jan. 22, 2020) ("Particularly frustrating is Plaintiff's failure to make any changes to Addendum A despite his evolving theories and the specific flaws identified in the Court's prior order."); *Hotel Circle GL Holdings, LLC*, Case No. 19-cv-1194, Docket No. 22 at 5-6 (E.D. Cal. Nov. 21, 2019) ("Several district courts have dismissed complaints similar to the one before this court filed by plaintiff after finding that he did not properly allege standing to invoke the court's jurisdiction in those cases. Plaintiff is therefore well aware of the applicable Ninth Circuit law governing standing to assert an ADA . . . ."). Therefore, Strojnik has a longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and a plaintiff's disability.

The court previously explained why Strojnik's pleading practices warrant scrutiny under a

United States District Court
Northern District of California

18

vexatious litigant rubric:

> Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

Order on Motion to Dismiss at 8. The court's Order to Comply expanded on its concern:

> A litigant who mills out generic complaints that do not meet pleading standards, knowing that either the case will settle without reaching the merits or that the court will grant leave to amend, is abusing the judicial process. Such a litigation strategy wastes the resources of the court, which must repeatedly rule on the same pleading issues. It also imposes unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. Most concerning, the mere fact of filing a lawsuit (regardless of its pleading sufficiency) may pressure defendants into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense.

Order to Comply at 2. As in *Molski*, the concerns about Strojnik's pleading practices extend well beyond the mere number of cases he files. Here, Strojnik has filed a large volume of cases containing boilerplate allegations that omit basic details necessary to establish standing. He has also demonstrated a pattern of failure to address this fundamental flaw despite rulings from multiple judges. The record as a whole therefore "might indicate an intent to harass defendants." *See Molski*, 500 F.3d at 1051.

Arguably, *Molski* is distinguishable because there was evidence in that case that Molski's allegations were not credible. For example, he alleged that he suffered identical injuries in different establishments on the same day. 500 F.3d at 1051. By contrast, there is no clear evidence that Strojnik has made misrepresentations in his complaints. However, his pleading practices may be designed to deceive. A key repeated concern about Strojnik's pleadings is that his allegations are vague. He repeatedly fails to allege how alleged barriers violate the ADA or affected him based on his specific disabilities. While Molski made specific representations about which injuries he suffered to which parts of his body, Strojnik broadly alleges non-specific violations of the ADA with no supporting authority. As a result, his pleadings provide little information that can either be

*United States District Court*
*Northern District of California*

19

1   confirmed or discredited.  The pervasiveness of Strojnik's pleading flaws, coupled with his refusal

2   to correct the issues, suggest that he may be deliberately evading the kind of scrutiny the court

3   applied in *Molski*.  Accordingly, the lack of clear misrepresentations in Strojnik's complaints does

4   not assuage the court's concerns.

5        On April 19, 2020, a court in the Central District of California granted a motion to declare

6   Strojnik a vexatious litigant.  *See Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560,

7   Docket No. 25 (C.D. Cal. Apr. 19, 2020).  That court reviewed Strojnik's extensive ADA litigation

8   history and noted that "countless courts have questioned Strojnik's motives in pursuing the litigation

9   and whether he has a good faith basis for his claims." *Id.* at 12.  The court recognized that although

10  Strojnik is a pro se litigant, he is "also a former attorney with vast knowledge and experience in the

11  realm of ADA cases" and yet continues to file "near identical lawsuits." *Id.* at 13.  The court

12  accordingly entered a pre-filing order enjoining Strojnik from filing ADA cases in the Central

13  District without first obtaining certification from the Chief Judge of that district that his claims are

14  not frivolous or asserted for an improper purpose. *Id.* at 14.  The concerns raised by *SCG America*

15  *Construction* are similar to those examined in this order and provide further support that a pre-filing

16  order is an appropriate remedy at this time.

17       As detailed above, the vast majority of courts who have reached the issue have granted Rule

18  12(b)(1) motions for lack of standing or dismissed Strojnik's complaints *sua sponte* on that basis.

19  It should be noted that two cases in this district have reached a different conclusion.  *See Strojnik v.*

20  *574 Escuela, LLC*, Case No. 18-cv-6777-JD, Docket No. 20 (N.D. Cal. Mar. 31, 2020); *Strojnik v.*

21  *GF Carneros Tenant, LLC*, Case No. 19-cv-3583-JSC, Docket No. 28 (N.D. Cal. Nov. 13, 2019).

22  However, those decisions examined intent to return to or deterrence from visiting an establishment

23  under the ADA, which are distinct issues from whether an ADA plaintiff has adequately pleaded

24  the existence of barriers and a connection to his disability.  *See Strojnik v. Resort at Indian Springs,*

25  *LLC*, Case No. 19-cv-4616-SVK, Docket No. 23, at 6 (N.D. Cal. Jan. 3, 2020) ("*Carneros* focuses

26  on whether the plaintiff had adequately alleged a genuine intent to return to the hotel that was at the

27  subject of that case. [That issues does] not bear directly on Defendant's argument that Plaintiff has

28  failed to plead facts establishing that the alleged barriers at the Hotel affect his full and equal

United States District Court
Northern District of California

20

enjoyment of the facility on account of his particular disability."). Further, Strojnik primarily relies on *CREEC* to argue that his standing allegations are adequate. As noted by *Resort at Indian Springs*, the plaintiffs in *CREEC* alleged that they use wheelchairs for mobility and that the defendant hotels failed to provide wheelchair-accessible transportation. *See CREEC*, 867 F.3d at 1097-98. The plaintiffs' disabilities were therefore directly tied to the alleged barriers. Accordingly, the two opinions in this district that found Strojnik adequately alleged standing did not address the issues examined by the court in this order.

In sum, the record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate. The concerns raised by the court address exactly the kind of conduct that pre-filing orders are intended to prevent. *See De Long*, 912 F.2d at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Strojnik's pleading practices waste the resources of the court and "impose[] unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." *See* Order to Comply at 2. There are also strong indicia that defendants may be pressured into settling "what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense." *Id.*

For all of the foregoing reasons, the court finds that Strojnik's litigation tactics are frivolous and harassing. Accordingly, Andaz Napa's motion to declare Strojnik a vexatious litigant is granted and the court will enter a pre-filing order to screen Strojnik's disability access complaints..

### 4. Tailoring of Pre-Filing Order

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. For example, pre-filing orders that restrict a litigant's ability to file any suit, in any district, are overbroad. *See id.* However, *Molski* upheld a pre-filing order that prevented the plaintiff from filing ADA cases in the Central District of California. *Id.* Given that the record in this case relates entirely to Strojnik's disability access litigation, it is appropriate to restrict the pre-filing order to cases that

1   allege violations of the ADA or related state disability laws.  In addition, the pre-filing order will

2   apply only to cases Strojnik files in the Northern District of California.  The order will not prevent

3   Strojnik from filing disability access cases in this district; rather, it will merely subject his

4   complaints to an initial review to determine whether they plausibly allege Article III standing.  This

5   order is appropriate to protect defendants from needlessly litigating the same issues across multiple

6   cases and judges, and to reduce the possibility that defendants will be harassed into settling baseless

7   claims.

8   **V.    CONCLUSION**

9       For the reasons stated above, Andaz Napa's motion to declare Strojnik a vexatious litigant

10   is granted.  Strojnik is enjoined from filing any civil action in the Northern District of California

11   that challenges access to public accommodations by disabled people without first obtaining

12   certification from the general duty judge that his claims plausibly allege Article III standing.[8]  The

13   Clerk of the Court shall not file or accept any further complaints filed by Strojnik.  If Strojnik wishes

14   to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint

15   be filed, and a copy of this order to the Clerk of the Court.  The Clerk shall forward the complaint,

16   letter, and copy of this order to the general duty judge for a determination of whether the complaint

17   should be accepted for filing.  Any violation of this order will expose Strojnik to a contempt hearing

18   and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

19       Andaz Napa's second motion to dismiss for lack of subject matter jurisdiction is granted

20   without leave to amend.  The Clerk shall enter judgment for Andaz Napa and against Strojnik and

21   close the file in this matter.

22

23   **IT IS SO ORDERED.**

24   Dated: June 1, 2020

25                                          _____

26                                                 Donna M. Ryu
                                                United States Magistrate Judge

27

28   ───────────────────
    [8] This order does not apply to an attorney with the same first and last name, Peter Kristofer Strojnik, who is licensed to practice in California under State Bar Number 242728.

22

*United States District Court*
*Northern District of California*