SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 4:22-cv-07094-CRB<br><br>**DEFENDANT STARBUCKS CORPORATION'S *EX PARTE* APPLICATION TO STAY ACTION PENDING RULING ON ITS MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PREFILING ORDER [DKT. 16]**<br><br>Complaint Filed: July 21, 2022<br>Trial Date: None Set |

1  TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF
2  RECORD:
3  PLEASE TAKE NOTICE that under this Court's Standing Order I.B.7. and
4  Northern District Local Rule 7-10, Defendant Starbucks Corporation ("Defendant") will
5  and hereby does move for an order staying the present action pending the Court's ruling
6  on Defendant's Motion to Dismiss and for Sanctions for Plaintiff's Failure to Comply
7  with Vexatious Litigant Prefiling Order, which has been noticed for hearing on January 6,
8  2023 (Dkt. 16) , and continuing by a corresponding number of days the following dates:
9  (1) the deadline for Defendant to answer or otherwise to Plaintiff's First Amended
10 Complaint, (2) all deadlines set by General Order 56, (3) the deadline to file a Joint Case
11 Management Conference, and (4) the May 12, 2023 Initial Case Management
12 Conference.
13 This Court possesses the inherent power to control its own docket, which includes
14 the power to stay proceedings when the interests of efficiency and judicial economy
15 warrant it. *Landis v. North American Co*., 299 U.S. 248, 254-55 (1936). The Court, after
16 balancing the prejudice to Plaintiff, the prejudice to Defendant, and the orderly course of
17 justice, may impose a stay of proceedings. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th
18 Cir. 1962).
19 Good cause exists to grant the instant Ex Parte Application because there are
20 compelling grounds for the Court to grant Defendant's Motion to Dismiss and for
21 Sanctions which would result in the dismissal of this case. As set forth in that Motion,
22 Plaintiff filed a First Amended Complaint in this action in direct defiance of Magistrate
23 Judge Ryu's vexatious litigant prefiling order issued in *Strojnik v. IA Lodging Napa First*
24 *LLC*, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020). That order prohibited
25 Plaintiff from filing any lawsuits alleging violations of accessibility laws without first
26 obtaining the approval of this Court, and further stated that any case filed in
27 contravention of that order would be "subject to dismissal." *Id* at 22. Thus, the First
28 Amended Complaint will very likely be dismissed and the stay sought by Defendant is

necessary to avoid the unnecessary expenditure of attorneys' fees by Defendant on a variety of immediate tasks, including but not limited to drafting a responsive pleading, appearing at General Order 56 inspections at eight different store locations in different regions of the state, and participating in mandatory mediation.  The Parties' deadline to conduct in-person joint inspections of the eight Starbucks locations in three different cities that are identified in the First Amended Complaint is December 11, 2022 and the deadline for the Parties to exchange Rule 26 Initial Disclosures is seven days before the joint inspections -- all well before the hearing on Defendant's Motion to Dismiss on January 6, 2023.[1]

       This Motion is based on this Notice, the Memorandum of Points and Authorities set forth below, the exhibits thereto, the concurrently filed [Proposed] Order, all of the Court's records and files in this action, and all the pleadings and papers on file in this action.

       Defendant's counsel provided notice to Plaintiff of Defendant's intention to file this Ex Parte Application on November 21, 2021.  Plaintiff refused to stipulate to a stay of the action and intends to oppose Defendant's Ex Parte Application.

DATED: November 23, 2022                SEYFARTH SHAW LLP

By: */s/ Myra B. Villamor*
     Myra B. Villamor
     Attorneys for Defendant
     STARBUCKS CORPORATION

---

[1] This was the first available, properly noticed, hearing date.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANT SEEKS A STAY PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS

Plaintiff Peter Strojnik ("Plaintiff") initiated this lawsuit in Santa Clara County Superior Court, where Plaintiff has been declared a vexatious litigant and is subject to a prefiling order, which states that Plaintiff is "prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." (Dkt. 1, p.27) (the "State Order"). Plaintiff violated that prefiling order when he filed his original Complaint against Defendant Starbucks Corporation ("Defendant") without first seeking the required court approval.

Defendant notified the Santa Clara County Superior Court of Plaintiff's unauthorized Complaint filing, but due to a backlog in the clerk's office, the court took no action to acknowledge Defendant's filing in advance of the Defendant's removal deadline. Defendant thus timely removed the case to this Court, whereupon Plaintiff filed a First Amended Complaint ("FAC") adding claims alleging violations of Title III of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). (Dkt. 11.)

Plaintiff's filing of the FAC violates yet another vexatious litigant prefiling order. In *Strojnik v. IA Lodging Napa First LLC,* Magistrate Judge Ryu declared Plaintiff a "vexatious litigant" and prohibited him from "filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) (the "Northern District Order"). The Northern District Order also stated that Plaintiff would be subject to sanctions if he violates the Order. *Id.* at p.22.

Because Plaintiff's FAC violates the Northern District Order, Defendant filed a motion to dismiss the FAC for failure to first seek leave of court before initiating an

action contemplated by the prefiling orders.  (Dkt. 16.)  Defendant's motion to dismiss also requests a contempt hearing and the imposition of appropriate sanctions, as contemplated by the Northern District Order.  Defendant also moved to dismiss Plaintiff's FAC under Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Rule") for insufficient service of process, on the grounds that Plaintiff never served Defendant with a Summons.  (Dkt. 16.)  Defendant's Motion to Dismiss and for Sanctions is noticed for hearing on January 6, 2023.

Because Plaintiff's FAC alleges a denial of right to access under the ADA, this action is subject to General Order 56 and an expedited scheduling order.  (*See* Dkt. 10.)  According to the General Order 56 scheduling order, the Parties' deadline to conduct in-person joint inspections of the eight Starbucks locations, in three different cities, that are identified in the First Amended Complaint is December 11, 2022.  The fees and costs associated with attending the eight in-person joint inspections, including the possible retention of an expert witness, would be considerable.  These dates are well before the hearing on Defendant's Motion to Dismiss on January 6, 2023, and the subsequent decision on the Motion to Dismiss and any contempt hearing and sanctions determination that may be scheduled by the Court.

Given the fact the Defendant's Motion to Dismiss and for Sanctions addresses the threshold issue of whether Plaintiff's unauthorized First Amended Complaint – filed in direct violation of the Northern District Order – should be allowed to proceed, a stay of the proceedings in this action, including the completion of costly multiple in-person joint site inspections is appropriate.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 2, 2021, the Santa Clara County Superior Court declared Plaintiff a vexatious litigant and barred him "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed."  (Dkt. 1, p.27.)

In violation of the State Order, on July 21, 2022, Plaintiff filed a Complaint in the Santa Clara Superior Court entitled *Peter Strojnik v. Starbucks Corporation*, Case No. 22CV402294. (*See* Dkt. 1.) In the Complaint, Plaintiff alleged three causes of action against Defendant: (1) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of Title III of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("UCRA"); (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209, based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, non-discriminatory corporate giant with accessible stores." The Complaint alleged that physical conditions at eight Starbucks stores in California violate ADA accessibility requirements. (Dkt. 1, Ex. 1, pp.15-19.)

In addition to violating the State Order, Plaintiff also failed to file a Summons in the state court action, and failed to serve a Summons on Defendant. (Declaration of Myra B. Villamor ("Villamor Decl.") ¶¶ 4, 7.) Defendant informed Plaintiff that it would not waive service of the Summons. *Id.* at ¶ 4.

On October 21, 2022, in response to the Complaint filing and pursuant to California Code of Civil Procedure § 391.7(c) which sets forth the procedure for responding to complaints filed by vexatious litigants such as Plaintiff, Defendant filed in the Santa Clara County Superior Court a Notice of Mistaken Filing of Vexatious Litigation.² Under this rule, the filing of the Notice automatically stayed litigation in the

---

² California Code of Civil Procedure § 391.7(c) states:
   The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding justice or presiding judge permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve, or the presiding justice or presiding judge may direct the clerk to file and serve, on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant

6

Superior Court action, and the action should have been automatically dismissed within 10 days of the filing of the Notice unless Plaintiff, within 10 days of the filing of this Notice, obtained an order from the presiding justice or presiding judge permitting the filing of the litigation. Cal. Code of Civ. Proc. § 391.7(c). However, due to a court backlog in inputting filings into the official docket, Defendant was unable to confirm that the Clerk of the Santa Clara County Superior Court received and processed the Notice of Mistaken Filing, or Plaintiff's response to the filing. (Villamor Decl., ¶¶ 6, 8.)[3]

In an abundance of caution, and to preserve its right to proceed in federal court, Defendant removed the action to the Northern District of California on November 11, 2022, based on diversity jurisdiction. (Villamor Decl., ¶ 8.)

Four days after removal to this Court, on November 15, 2022, Plaintiff filed the FAC alleging seven causes of action against Defendant: (1) violation of Title III of the ADA; (2) violation of the UCRA; (3) violation of the Disabled Persons Act; (4) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of the ADA and UCRA; (5) violation of the UCL based on Defendant's alleged "dissemination of false and superficial loyalty to non-discrimination, inclusion and accessibility"; (6) violation of the CLRA based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, non-

---

subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding justice or presiding judge permitting the filing of the litigation as set forth in subdivision (b). If the presiding justice or presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.

[3] On October 23, 2022, Plaintiff emailed counsel for Defendant a copy of a "Request to Refer to the Presiding Judge the Honorable Theodore C. Zayner for Approval." (Dkt. 1, Exh. 3.) Defendant was unable to confirm on the official docket that the Clerk received or processed Plaintiff's Request to Refer. (Villamor Decl., ¶ 6.)

discriminatory corporate giant with accessible stores"; and (7) "malice and oppression." (Dkt. 11.)

The filing of the FAC violated the Northern District Order issued by Magistrate Judge Ryu against Plaintiff in *Strojnik v. IA Lodging Napa First LLC* in which she declared Plaintiff a vexatious litigant and prohibited him from filing new accessibility lawsuits without first obtaining permission from the Court.  In effort to avoid burdening the Court with this Motion and incurring unnecessary fees, Defendant on November 18, 2022, sent an email to Plaintiff informing him that his filing of the FAC violated this Court's Order requiring him to obtain permission before filing any accessibility lawsuits in this district, and requested that he dismiss the lawsuit voluntarily so that Defendant would not need to file its Motion to Dismiss.  (Villamor Decl., ¶ 10.)  Plaintiff refused to do so.  *Id.*

On November 21, 2023, counsel for Defendant informed Plaintiff that it intended to file an ex parte application seeking a stay of the proceedings pending the Court's ruling on the Motion to Dismiss.  (Villamor Decl., ¶ 11.)  Plaintiff again stated that he would not agree to a stay.  *Id.*  On November 23, 2022, Defendant filed a Motion to Dismiss and for Sanctions for Plaintiff's Failure to Comply with Vexatious Litigant Prefiling Order.  (Dkt. 16.)  The Motion to Dismiss is noticed for hearing on January 6, 2023, the first available properly noticed hearing date.

## III. A STAY OF THIS MATTER IS APPROPRIATE

A district court enjoys the inherent power to stay proceedings pending before it, if such a stay serves to provide judicial economy or other benefit.  As the U.S. Supreme Court has recognized:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

The Ninth Circuit has articulated the following framework for deciding whether a stay is appropriate:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or the refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Pursuant to these standards, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). A district court's decision to grant or deny such a stay is a matter of discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Here, economy of time and effort for the Court, counsel, and litigants favor a stay of the present action pending the Court's ruling on Defendant's Motion to Dismiss and for Sanctions. The question as to whether this action should be allowed to continue in light of Plaintiff's violation of the Northern District vexatious litigant prefiling order is a threshold issue that should be addressed before Defendant is required to expend considerable time and resources defending this action. The fees and costs associated with conducting discovery, including the completion of eight in-person joint inspections, will be considerable. As a result, the orderly administration of justice favors staying the action pending the Court's ruling on Defendant's Motion to Dismiss and for Sanctions, including any subsequent contempt hearing and sanctions determination set by the Court.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Ex Parte Application to stay the instant action until the Court rules on Defendant's Motion to Dismiss and for Sanctions, and continue by a corresponding number of days the following dates: (1) the deadline for Defendant to answer or otherwise to Plaintiff's First Amended Complaint, (2) all deadlines set by General Order 56, (3) the deadline to file a Joint Case Management Conference, and (4) the May 12, 2023 Initial Case Management Conference.

DATED: November 23, 2022                    SEYFARTH SHAW LLP


By: */s/ Myra B. Villamor*
    Myra B. Villamor
    Attorneys for Defendant
    STARBUCKS CORPORATION

89328918v.2