Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
strojnikp@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION<br><br>　　　　　　　　　　Defendant. | Case No.: 4:22-cv-07094-CRB<br><br>**MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS [ECF 16] FOR VIOLATING GENERAL ORDER 56** |

Starbucks' Motion to Dismiss and for Sanctions violates Northern District's General Order ("GO") 56 at ¶3 which states:

> 3. **Stay of Proceedings and Relief from Requirements of this Order.** All discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise. Requests to lift the stay to conduct specific discovery, to file any other motion, to be relieved of any of the requirements of this Order, or to enforce any of the requirements of this Order may be made by stipulation and proposed order under Civil Local Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11.

Starbucks' Motion to Dismiss and for Sanctions, Dkt. at 16 ("Motion"), is not a Rule 12(b) motion and thus not exempt from the automatic stay. The Motion does not seek a dismissal based on jurisdictional grounds nor does it seek a dismissal for failure to state a claim. It is based on Starbucks' argument that Plaintiff violated a vexatious litigant order ("Order") entered 2½ years ago which stated in relevant part:

1

[Plaintiff] is enjoined from **filing any civil action** in the Northern District of California that challenges access to public accommodation by disabled people without first obtaining certification from the general duty judge that his claims **plausibly allege Article III Standing**. (Emphasis supplied)

*See* Exhibit 3 to the Declaration of Myra B. Villamor, Dkt. at 16-1.

The problem with Starbucks' Motion is that *Plaintiff* did not file any civil action in the Northern District. *Starbucks* did. The entire civil action that Plaintiff filed in the Superior Court, including the original Complaint, was appended to Starbucks' Notice of Removal. Dkt. at 1.

Defendant's Motion violates GO 56's automatic stay and should be stricken.

Plaintiff respectfully requests that Starbucks henceforth comply with GO 56 and the November 15, 2022 Scheduling Order applicable to ADA Title III cases. Dkt. at 10.

Immediately following this Motion to Strike, Plaintiff will file his Cautionary Verified Response To Defendant's Motion which Plaintiff incorporates herein.

RESPECTFULLY SUBMITTED this 25th day of November, 2022.

*Peter Strojnik*

Peter Strojnik

Pro Se

ECF Filed this 25th day of November, 2022.

/s/

2