Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
strojnikp@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>        Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION<br><br>        Defendant. | Case No.: 4:22-cv-07094-CRB<br><br>**PLAINTIFF'S CAUTIONARY VERIFIED RESPONSE TO DEFENDANT'S MOTION TO DISMISS [ECF 16]** |

**TABLE OF CONTENTS**

| TITLE | PAGE |
|---|---|
| STATEMENT OF THE CASE……………………………………………….. | 2 |
|  1. Initial Complaint was filed in the Santa Clara County Superior Court… | 2 |
|  2. Starbucks' Removal of Complaint to Federal Court………………………. | 4 |
| ARGUMENT…………………………………………………………………… | 6 |
|  1. Plaintiff did not File a Civil Action in the Northern District in Violation of the 2½ Year old Vexatious Litigant Designation – He Filed It in the State Court……………………………………………………………………. | 6 |
|  2. FAC Demonstrates Standing to Seek Injunctive Relief…………………. | 7 |
|  3. FAC Demonstrates Unruh and DPA Standing…………………………... | 10 |
|  4. Starbucks Waived Alleged Insufficiency of Service of Process…………. | 10 |
| CONCLUSION AND PRAYER FOR RELIEF……………………………….. | 11 |

**TABLE OF CITATIONS**

**CASES**                                                                                               **PAGE**

*Angelucci v. Century Supper Club* 41 Cal.4th 160, 167, 59 Cal.Rptr.3d 142, 158 P.3d 718 (2007)………………………………………………….. 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)………………………….. 5

*Brennon B. v. Superior Court* 57 Cal.App.5th 367, 378, 271 Cal.Rptr.3d 320 (2020)…………………………………………………………………….. 10

*Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)……………. 7

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).. 7, 8, 9

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017)……………………………………………………………… 8

*Jankey v. Lee* 55 Cal.4th 1038, 1044, 150 Cal.Rptr.3d 191, 290 P.3d 187 (2012)……………………………………………………………………….. 10

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)…………………… 8

*O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)……………………………... 8

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)……………………… 7

*Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020)……………………………………………………… 9

*White v. Square,* 7 Cal.5th 1019, 446 P.3d 276 (2019)……………………... 7, 10

**STATEMENT OF THE CASE**

**1. Initial Complaint was filed in the Santa Clara County Superior Court**

On July 21, 2022, Plaintiff brought a consumer fraud complaint ("Complaint") against Starbucks in the Santa Clara Superior Court. Dkt. 1 at 12. The Complaint was based on Starbucks marketing and public relations strategy which misrepresents Starbucks' commitment to non-discrimination and accessibility at its stores. The very

2

first paragraph in the Complaint alleges that "Starbucks' written marketing and public relations position is designed to convince the public that 'discrimination has no place at Starbucks' and that Starbucks 'strive[s] to create accessible environments in [its] stores'", but that "Both statements are patently false."

Proof of Starbucks' *lack* of commitment to stated non-discrimination and accessibility is evident from Starbucks' dogged refusal to make its service counters accessible to persons with disabilities. The Complaint provided photos from eight Starbucks stores. A representative photo is reproduced here:



Starbucks Store #7962 - March 12, 2022.

The Complaint did not allege ADA or Unruh liability. It was a straight consumer fraud complaint brought in three counts: Count One was for injunctive relief pursuant to

Cal. Code. Civ. Proc. §526(a)(1)). Count Two was for violation of the Unfair Competition Law pursuant to Cal. Bus.& Prof. Code §§17200 – 17209. Count Three was for Consumer Legal Remedies pursuant to Cal. Civ. Code §§1750-1784.

### 2. Starbucks' Removal of Complaint to Federal Court

Starbucks removed the case to the District Court. Dkt. at 1. Even though the Complaint was based on consumer fraud, Starbucks understood it to be an ADA Case. *See* Civil Cover Sheet, Dkt. at 1-1. Starbucks' error was understandable since Plaintiff supported his allegations of falsity by photographs showing ADA and Unruh violations.

The removal was not premised on federal question jurisdiction (ADA), but rather on diversity of citizenship jurisdiction. The removal papers included a sworn Declaration of Starbucks System Analyst Lead, Mr. Andy Lee. In his Declaration, Dkt at 4, he stated:

> 4. At the Stores, the counter space in between the two POS devices is used to display items for sale such as gift cards, snacks, gum/mints and bags of coffee. This selling space is extremely valuable because it presents items for sale in a convenient location and promotes impulse purchases.
>
> 5. The revenue from the snack items (i.e. cookies, dried fruit/nuts, mints, gum, chocolate, snack bars) that are on the sales counter at the Stores from Fiscal Year 2022 (defined as Oct 4, 2021 to Oct 2, 2022) was $15,546. Note that the revenue for this one year period for one of the Stores is slightly lower than it should be because store located at 3915 Rosedale Hwy., Bakersfield CA was open only eight months during this period.
>
> 6. The revenue from the gift cards sold on the sales counter at the Stores from Fiscal Year 2022 (defined as Oct 4, 2021 to Oct 2, 2022) was $562,431. Again, the revenue for this one year period for the Stores is slightly lower than it should be because store located at 3915 Rosedale Hwy., Bakersfield CA was open only eight months during this period.

In response to Starbucks' classification of the Complaint as ADA, Dkt. 1-1, and to comply with Federal Court's Rule 8 and *Twombly*[1] pleading standards, Plaintiff prepared and filed his First Amended Complaint ("FAC"). Dkt. at 11. The allegations in FAC now include ADA, Unruh and Disabled Persons Act claims that the initial Complaint did not include.

Prior to Starbucks' submission of Mr. Andy Lee's sworn Declaration, Plaintiff had no idea that Starbucks uses the ostensibly "accessible" service counter unusable to disabled persons because the "selling space is extremely valuable because it presents items for sale in a convenient location and promotes impulse purchases". Lee Decl. at ¶4. Nor was Plaintiff aware that cluttering the service with impulse purchase items was so profitable.

This is an extraordinarily significant admission because it proves Starbucks' profit motive at the expense of accessibility. FAC incorporated Mr. Lee's Declaration like this:

> **3.** Starbucks readily admits that its discriminatory practice has been intentionally implemented in order to increases Starbucks' revenue.
>
> **4.** Starbucks has explained in court papers that it discriminates against persons with disabilities because discrimination increases its revenue:
>
>> …the revenue from the sales of the items that would have to be permanently removed from the sales counter *for the past fiscal year alone* (defined as Oct 4, 2021 to Oct 2, 2022) was greater than $577,977 at five of the eight stores at issue in this case…Thus, there is no question that the permanent removal or relocation of these items from a premium selling space would result in loss of $75,000 in revenue. (Emphasis in original)
>
> **5.** Starbucks thus admitted that it violates the rights of the disabled because compliance with the ADA and Unruh would interfere with the use of Starbucks' "premium selling space".

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

5

    **6.** Extrapolating the admitted fiscal benefit to each of 15,757± Starbucks stores in in the United States, Starbucks realizes a yearly profit of **One Billion Eight Hundred Twenty-One Million, Four Hundred Thirty-Six Thousand Seven Hundred and Seventeen Dollars ($1,821,436,717)** at the expense of the disabled. (Emphasis supplied ; footnotes omitted)

These allegations do not impact the ADA count, but they are highly relevant to state law claims.

## ARGUMENT

**1. Plaintiff did not File a Civil Action in the Northern District in Violation of the 2½ Year old Vexatious Litigant Designation – He Filed It in the State Court**

A copy of the vexatious litigant order is attached as Exhibit 3 to the Declaration of Myra B. Villamor, Dkt. at 16-1. It states in operative part:

> [Plaintiff] is enjoined from **filing any civil action** in the Northern District of California that challenges access to public accommodation by disabled people without first obtaining certification from the general duty judge that his claims **plausibly allege Article III Standing**. (Emphasis supplied)

Plaintiff did not violate the Order.

First, Plaintiff did not "file" a "civil action" in the Northern District. Plaintiff "filed" the "civil action" in the Santa Clara Superior Court. It was *Starbucks* who "filed" the "civil action" in the Northern District of California. Whether Plaintiff properly or improperly filed in the Santa Clara superior court became irrelevant upon Starbucks' removal of the case to federal court.

Second, the Order applies only to federal ADA claims and not to Unruh or DPA claims. Pursuant to the Order, Plaintiff must obtain a certificate that his claim "plausibly allege Article III Standing". Only federal ADA Cases must "plausibly allege Article III

6

standing". Unruh, DPA and consumer fraud counts do not need to "plausibly allege Article III standing". The issue of Article III standing is more fully addressed below.

Third, the Order does not require a certificate of plausible standing to assert the Unruh and DPA claims. The latter have an entirely different standing requirement than Article III. *See White v. Square,* 7 Cal.5th 1019, 446 P.3d 276 (2019). Unruh standing is also more fully addressed below.

Fourth, the injunction applies only to "filing [of a] … civil action". FAC is not a "civil action". It is an amended complaint.

Fifth, as a matter of convenience, the District Court Judge assigned to this case is well able to determine whether FAC "plausibly alleges Article III standing" and whether the FAC properly alleges Unruh standing.

**2. FAC Demonstrates Standing to Seek Injunctive Relief.**

Article III of the Constitution requires courts to adjudicate only actual cases or controversies. See U.S. Const. art. III, § 2, cl. 1. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To establish standing, a plaintiff must show he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff must clearly allege facts demonstrating each element at the pleading stage. Id. "[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1*

7

*Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Standing requires three elements: "(1) an 'injury in fact' suffered by the plaintiff; (2) a causal connection between that injury and the defendant's conduct; and (3) a likelihood that the injury will be 'redressed by a favorable decision.'" *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.* (CREEC), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff who seeks "to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, . . . must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman*, 631 F.3d at 946 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." Id. at 944 (emphasis added)[2].

FAC Alleges at ¶¶44-48:

44. Plaintiff is deterred from returning to the Starbucks Stores identified here and will not return there until he has been advised that the violations have been remediated fully and completely and that each store is fully accessible to Plaintiff.

45. Plaintiff further alleges that he has visited hundreds of Starbucks stores in the past and that he is familiar with Starbucks' counter layout.

46. Starbucks' counter layout in all stores visited by Plaintiff  virtually indistinguishable from store to store. All of them are cluttered with merchandise or promotional products which makes them unusable to persons with disabilities. Most of them use the area in front of the counter for display of other promotional merchandise in Starbucks' promotional baskets. For example:

---

[2] Chapman, 631 F.3d at 949, recognized that "[a] disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there."

8



47. As a result, Plaintiff and others similarly situated are deterred from visiting any Starbucks store because they know that the counter will be unusable they know that they are likely to encounter counters with Starbucks baskets preventing access.

48. As a result, the injury to Plaintiff is likely to recur as a matter of law not only in the referenced stores, but at any Starbucks store.

This sufficiently "demonstrate[s] deterrence" and confers injunctive relief standing. *Chapman*, 631 F.3d at 944. While some courts have required plaintiffs to plead (1) the proximity of the place of public accommodation to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant, this Court should decline to require these additional elements on top of the allegations the Ninth Circuit has already found sufficient to confer injunctive relief standing. See *Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1343 (E.D. Cal. 2020)

9

(noting that the Ninth Circuit "has not adopted" these factors "despite having confronted the same or similar issue repeatedly").

Plaintiff thus has alleged sufficient facts to support standing to seek injunctive relief.

### 3. FAC Demonstrates Unruh and DPA Standing

In California, "[t]wo overlapping laws, the Unruh Civil Rights Act ( § 51 ) and the Disabled Persons Act ( §§ 54 - 55.3), are the principal sources of state disability access protection." *Jankey v. Lee* 55 Cal.4th 1038, 1044, 150 Cal.Rptr.3d 191, 290 P.3d 187 (2012). The Unruh Act was "enacted to prohibit discriminatory conduct by individual proprietors and private entities offering goods and services to the general public." *Brennon B. v. Superior Court* 57 Cal.App.5th 367, 378, 271 Cal.Rptr.3d 320 (2020); see *Angelucci v. Century Supper Club* 41 Cal.4th 160, 167, 59 Cal.Rptr.3d 142, 158 P.3d 718 (2007).

In general, a person suffers discrimination under the Act when the person presents himself or herself to a business with an intent to use its services but encounters an exclusionary policy or practice that prevents him or her from using those services. *White v. Square, Inc.* 7 Cal.5th 1019, 1025, 250 Cal.Rptr.3d 770, 446 P.3d 276 (2019).

Here, FAC alleges that he visited numerous Starbucks stores to conduct business there, and took photographs of inaccessible elements there. FAC at ¶ 25(a)-(h)[3].

### 4. Starbucks Waived Alleged Insufficiency of Service of Process.

Starbucks appeared in the California Superior court and received affirmative relief of removal. In the federal court, Starbucks sought additional affirmative relief seeking and

---

[3] Plaintiff actually purchased coffee at each of the Starbucks Stores and has shared the receipts with Counsel for Starbucks.

10

obtaining A stipulation to extend time to answer the Complaint. Dkt.at 9. Starbucks did not consent to Magistrate Judge Jurisdiction and was granted assignment to the District Court Judge. Dkt. Nos 12, 13 and 14. On November 15, 2022, Starbucks received Plaintiff's Initial Disclosure Statement. Starbucks filed a motion to dismiss in which it sought affirmative relief of dismissal of all claims.

Starbucks waived any personal jurisdiction argument.

## **CONCLUSION AND PRAYER FOR RELIEF**

Starbuck's admits service counters at its stores are "extremely valuable because [they] presents items for sale in a convenient location and promotes impulse purchases". In order to monetize this "extremely valuable" space, Starbucks clutters it with "items for sale such as gift cards, snacks, gum/mints and bags of coffee". This makes the space unusable to disabled persons. This cannot stand.

Plaintiff request relief as follows:

1. If the Court finds that the ADA allegations in FAC do not constitute "filing [a] civil action", deny Starbucks' Motion in its entirety.

2. If the Court finds that the ADA allegations in FAC do constitute "filing [a] civil action", dismiss the ADA claim without prejudice.

3. Irrespective of items 1 and 2 above, retain Counts 2 (Unruh), 3 (Violation Of The Disabled Persons Act), 4 (Injunctive Relief), 5 (Violation of Unfair Competition Law (Cal. Bus. Code. §§17200 et seq), 6 (Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§1750 et seq), and 7 (Malice and Oppression).

## **Verification**

Plaintiff verifies under the penalty of perjury that the above statements of fact are true and correct to the best of his knowledge, information, memory and belief.

RESPECTFULLY SUBMITTED this 25th day of November, 2022.

*Peter Strojnik*
Peter Strojnik
Pro Se

ECF Filed this 25th day of November, 2022.

/s/

12