Peter Strojnik
7847 North Central Ave.
Phoenix, Arizona 85020
602-524-6602
strojnikp@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>        Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION<br><br>        Defendant. | Case No.: 4:22-cv-07094-CRB<br><br>**PLAINTIFF'S RESPONSE TO STARBUCKS' MOTION FOR STAY OF PROCEEDINGS STAY [ECF 17)** |

## INTRODUCTION

Plaintiff filed a consumer fraud complaint ("Complaint") in the Santa Clara superior court. Starbucks admits that much in its Motion for Stay, Dkt. 17 at 6:2-13[1]. Starbucks removed the action for diversity of citizenship to the Northern District Court. In its removal papers Starbucks claimed that the consumer fraud Complaint filed in the

---

[1] In the Complaint, Plaintiff alleged three causes of action against Defendant: (1) injunctive relief pursuant the California Code of Civil Procedure § 526(a)(1) based on Defendant's alleged violation of Title III of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("UCRA"); (2) violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209, based on Defendant's alleged "dissemination of false and superficial loyalty to nondiscrimination, inclusion and accessibility"; and (3) the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784, based on Defendant's alleged "unfair and deceptive acts or practices by falsely representing itself as an inclusive, nondiscriminatory corporate giant with accessible stores."

1

Superior Court was in reality an ADA Complaint. As part of its removal papers, Starbucks filed the state court Complaint in the Northern District and then accused Plaintiff of doing it.

Such is the world today.

## THERE IS ALREADY A STAY IN EFFECT

There is already a stay in effect. Northern District's General Order ("GO") #56 states:

> 3. **Stay of Proceedings and Relief from Requirements of this Order.** All discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise. Requests to lift the stay to conduct specific discovery, to file any other motion, to be relieved of any of the requirements of this Order, or to enforce any of the requirements of this Order may be made by stipulation and proposed order under Civil Local Rule 7-12 or by filing a Motion for Administrative Relief under Civil Local Rule 7-11.

The very first paragraph in the consumer fraud Complaint alleges that Starbucks' written marketing and public relations position is designed to convince the public that "discrimination has no place at Starbucks" and that Starbucks "strive[s] to create accessible environments in [its] stores". The same introductory paragraph alleges that "Both statements are patently false." As proof of falsity, the Complaint incorporates actual photographic proof of Starbucks' violations at eight of its stores.

The ADA elements of proof are simply a subset of consumer fraud elements. The only difference between proof of consumer fraud and proof of ADA violations is that the former requires proof of false statements while the latter does not.

Plaintiff now addresses the factors to be considered whether to stay the proceeding as stated in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

**The damage that will result from the granting of stay** is great.  Every passing day that Starbucks' marketing and public relations strategies remain in effect, more and more persons are harmed.  As the very first paragraph in the Complaint alleges, "Starbucks' written marketing and public relations position is designed to convince the public that 'discrimination has no place at Starbucks' and that Starbucks 'strive[s] to create accessible environments in [its] stores'", but that "both statements are patently false."

**Hardship and inequity to Plaintiff and others similarly situated** s likewise great.  The inequity of allowing Starbucks to continue its fraudulent marketing strategy harms not only to Plaintiff but also to all others who rely on Starbucks fraudulent misrepresentations. While individual harm is in itself significant, the harm to all consumer is immense.

**Orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay** favors a prompt discovery of all facts that are common to the consumer fraud claims and the accessibility claims. However, the discovery is already subject to automatic stay pursuant to GO 56.

Starbucks' argument that a stay would be efficient for the Court's own docket is not well taken, and the contrary is true. With respect to the consumer fraud claims, Plaintiff seeks injunctive relief ordering Starbucks to modify its stores to comply with its representations. With respect to accessibility claims, Plaintiff seeks injunctive relief ordering Starbucks to comply with non-discrimination provisions 42 U.S.C. §12182. This would require Starbucks to:

3

- Adopt and enforce "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities", 42 U.S.C. §12182(b)(A)(ii); and
- "Remove architectural barriers". 42 U.S.C. §12182(b)(A)(iv).

Contrary to Starbucks argument, injunctive relief will free the district courts from piecemeal litigation against individual Starbucks stores and enter one injunction covering *all* Starbucks stores. The US Department of Justice has long recognized the wisdom of enforcing the ADA through a single order covering all individual places of public accommodation operating under the umbrella of one gigantic company. So, for example, instead of suing each Hilton hotel separately, the DOJ sued Hilton as the gigantic owner of all Hilton properties and forced it to enter into one consent decree requiring Hilton to "not engage in any practice that discriminates against individuals with disabilities in violation of Title III of the ADA". *See* Fact Sheet: Consent Decree in *U.S. v. Hilton Worldwide, Inc.* Exhibit 1. One order covers all Hilton operated hotels. Similarly, one order here would cover all Starbucks stores, thus relieving the district court from piecemeal litigation.

For these reasons Plaintiff objects to Starbucks' Motion and request compliance with GO 56 and the Scheduling Order for Cases Asserting Denial of Right of Access under Americans with Disabilities Act Title II and III (42 U.S.C.§§12131-89). Dkt. 10.

///

///

4

RESPECTFULLY SUBMITTED this 25th day of November, 2022.

*Peter Strojnik*
Peter Strojnik
Pro Se

ECF Filed this 25th day of November, 2022.

/s/