| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Myra B. Villamor (SBN 232912) |
|   | mvillamor@seyfarth.com |
| 3 | 2029 Century Park East, Suite 3500 |
|   | Los Angeles, California 90067-3021 |
| 4 | Telephone:  (310) 277-7200 |
|   | Facsimile: (310) 201-5219 |
| 5 | Attorneys for Defendant |
| 6 | STARBUCKS CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, an individual, | Case No. 3:22-cv-07094-CRB |
| Plaintiff, | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PREFILING ORDER** |
| v. | |
| STARBUCKS CORPORATION, | |
| Defendant. | |
|  | [Santa Clara County Superior Court, Case No. 22CV402294] |
|  | Date:    January 20, 2023 |
|  | Time:    10:00 a.m. |
|  | Ctrm:    6 |
|  | Complaint Filed: July 21, 2022 |
|  | Trial Date:       None Set |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................... 1

II.   PLAINTIFF FILED HIS FIRST AMENDED COMPLAINT IN VIOLATION OF THIS COURT'S VEXATIOUS LITIGANT ORDER. ............................................... 2

III.   PLAINTIFF'S ARGUMENTS REGARDING STANDING SHOULD BE ADDRESSED THROUGH THE MECHANISM OF THE VEXATIOUS LITIGANT ORDER ................................................................................................... 3

IV.   DEFENDANT HAS NOT WAIVED ITS INSUFFICIENT SERVICE OF PROCESS DEFENSE UNDER RULE 12(B)(5) ....................................................... 4

V.   CONCLUSION ............................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Jones v. James Trading Co. Ltd.*,
  No. 19-CV-2674-MWF, 2019 WL 6354392 (C.D. Cal. July 3, 2019) ............4, 5

*Strojnik v. IA Lodging Napa First LLC*,
  2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) .......................................................................................1, 2, 3, 5

*Strong v. Countrywide Home Loans, Inc.*,
  700 Fed. App'x 664 (9th Cir. 2017)...................................................................4

*Team Enterprises, LLC v. W. Inv. Real Est. Tr.*,
  No. 08-CV-1050-LJO-SMS, 2008 WL 4367560 (E.D. Cal. Sept. 23, 2008) .................................................................................................................5

**Federal Statutes**

ADA .........................................................................................................................2, 3

ADA Title III ...........................................................................................................1, 2

**State Statutes**

Disabled Persons Act .................................................................................................2

Unruh Civil Rights Act ..............................................................................................2

**Rules**

Federal Rule of Civil Procedure 3 ............................................................................2

Rule 8 .........................................................................................................................3

Rule 12(b)(5).......................................................................................................2, 4, 5

Rule 12(b)(6)..........................................................................................................3, 4

Rule 12(h)(1)(B) ........................................................................................................5

ii

DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

89887980v.4

## I. INTRODUCTION

In opposition to Defendant's Motion to Dismiss, Plaintiff relies heavily on the fact that he initially filed his Complaint in the Santa Clara County Superior Court, not the Northern District of California. However, he makes no attempt to dispute that he filed that Complaint in violation of another vexatious litigant order that prohibits Plaintiff "from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." (Dkt. 1, p.27.) (the "State Order").[1]

Defendant removed the action to federal court on the basis of diversity jurisdiction, as was its right to do. *After the case was removed to this Court*, Plaintiff filed a First Amended Complaint ("FAC") adding new claims under Title III of the ADA and related state accessibility statutes -- in direct violation of this Court's standing Vexatious Litigant order against Plaintiff which prohibits him from "filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) (the "Northern District Order"). In short, Plaintiff has violated two Vexatious Litigant orders in connection with this lawsuit.

Plaintiff cites to no authority allowing him to bypass the requirements of the Vexatious Litigant orders and proceed with his lawsuit against Defendant. Plaintiff's attempt to argue the merits of his claims and his standing to pursue his claims against Defendant, in response to Defendant's Motion to Dismiss, is improper. Under the Northern District Order, such arguments must be addressed by this Court's general duty

---

[1] Plaintiff argues that "[w]hether Plaintiff properly or improperly filed in the Santa Clara superior court [*sic*] became irrelevant upon Starbucks' removal of the case to federal court." (Dkt. 19, p.6.). To the contrary, Plaintiff's violation of the State Order establishes a pattern of contempt for judicial orders against him that must addressed with sanctions.

judge prior to the filing of his lawsuit, and the Court should reject Plaintiff's attempt to make an end run around the Northern District Order.

Finally, Plaintiff fails to meet his burden of establishing the validity of service of a summons in response to Defendant's Rule 12(b)(5) Motion to Dismiss.

For these reasons, Plaintiff's claims should be dismissed.

## II.     PLAINTIFF FILED HIS FIRST AMENDED COMPLAINT IN VIOLATION OF THIS COURT'S VEXATIOUS LITIGANT ORDER.

Plaintiff's first argument in opposition to Defendant's Motion to Dismiss is that he "did not File a Civil Action in the Northern District in Violation of the 2 ½ Year old Vexatious Litigant Designation – He Filed It in the State Court." (Dkt. 19, p.6.) Plaintiff did, indeed, initially file his lawsuit against Defendant in state court in direct violation of the State Order, which barred him from filing any lawsuit in the California Superior Court.

Brushing aside his violation of the State Order, Plaintiff then contends "he did not violate" the Northern District Order. Plaintiff disingenuously argues that he "did not 'file' a 'civil action' in the Northern District," rather, "[i]t was *Starbucks* who 'filed' the 'civil action' in the Northern District of California." While Defendant did remove the improperly filed action to this Court on the basis of diversity jurisdiction, Plaintiff doubled down by taking the affirmative step of filing a First Amended Complaint which added entirely new public accommodations accessibility claims under Title III of the ADA, the Unruh Civil Rights Act, and the Disabled Persons Act – in direct violation of the Northern District Order. Plaintiff's claim that the FAC is not a "civil action" is absurd. Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Plaintiff filed an FAC that commenced a civil action predicated on Title III of the ADA, the Unruh Civil Rights Act, and the Disabled Persons Act. These claims were not in the civil action that was removed to this Court.

Plaintiff next argues that the Northern District Order "applies only to federal ADA claims." (Dkt. 19, p.6.) This argument is nonsensical because Plaintiff added a cause of action pursuant to the ADA in the FAC. Thus, the FAC is clearly covered by the Northern District Order. (Dkt. 11.) Plaintiff's further contention that he filed his FAC "to comply with Rule 8 and *Twombly* pleading standards" does not negate the fact that he added new public accommodation accessibility causes of action in violation of the Northern District Order. (Dkt. 19, p.5.)

## III. PLAINTIFF'S ARGUMENTS REGARDING STANDING SHOULD BE ADDRESSED THROUGH THE MECHANISM OF THE VEXATIOUS LITIGANT ORDER

Plaintiff argues that "as a matter of convenience, the District Court Judge assigned to this case is well able to determine whether FAC 'plausibly alleges Article III standing' and whether the FAC properly alleged Unruh standing." (Dkt. 19, p.7.) Plaintiff is thus arguing that the Court should just disregard Plaintiff's violation of the Northern District Order, including its provision that "[a]ny violation of this order will expose Strojnik to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020). The Court should shut down Plaintiff's attempt to make a mockery of the Vexatious Litigant orders.

The purpose of Vexatious Litigant orders is to serve a gate-keeping function and ensure that would-be defendants and assigned judges do not have to expend resources dealing with vexatious litigation. The process contemplated by the Northern District Order is a mandatory preliminary review by the general duty judge to determine whether Plaintiff's "claims plausibly allege Article III standing." Plaintiff cannot file a lawsuit until he has properly requested and obtained the general duty judge's certification that his claims plausibly allege Article III standing. It is only after Plaintiff has filed his lawsuit – and accomplished proper service of process – that Defendant must expend the resources associated with filing a motion to dismiss pursuant to Rule 12(b)(6) and/or 12(b)(1).

The Court should not allow Plaintiff to circumvent the vexatious litigant process that Magistrate Judge Ryu carefully crafted in the Northern District Order by considering Plaintiff's standing arguments now, particularly when Defendant has not yet filed a Motion to Dismiss based on standing. There must be meaningful consequences for Plaintiff's blatant violation of two Vexatious Litigant orders – namely dismissal of the action and referral to Magistrate Judge Ryu for a contempt and sanctions hearing.[2]

## IV. DEFENDANT HAS NOT WAIVED ITS INSUFFICIENT SERVICE OF PROCESS DEFENSE UNDER RULE 12(B)(5)

"Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017). Plaintiff bears the burden of establishing the validity of service in response to a Rule 12(b)(5) motion to dismiss. *Jones v. James Trading Co. Ltd.*, No. 19-CV-2674-MWF (JEMx), 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019) (granting Rule 12(b)(5) motion filed after defendants removed action to federal court and citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (reversing the district court's denial of motion to set aside judgment for inadequate service of process)).

In response to a Motion to Dismiss based on insufficient service of process, it is Plaintiff's burden to prove that Defendant was properly served with the Complaint and Summons. Plaintiff has proffered no evidence that Defendant was served with a summons in this action. Instead, he argues that Defendant "waived alleged insufficiency of service of process." (*See* Dkt. 19, pp. 10-11.) However, Plaintiff points to no authority to support his argument that Defendant waived insufficient service of process

---

[2] If Plaintiff decides to pursue his claims against Defendant in the future in compliance with all applicable Vexatious Litigant orders – after the current action has been dismissed and he has been subjected to a contempt hearing and appropriate sanctions – Defendant will be prepared to pursue a Rule 12(b)(6) motion, which will include video and photographic evidence that Plaintiff lacks standing because, *inter alia*, he does not have a disability that relates to the barriers to access alleged in the FAC.

through its removal of the action to federal court, its request for a brief extension to file a response to the Complaint, and its mandatory filing of the Magistrate Judge Jurisdiction consent form.

Under Rule 12(h)(1)(B), a party waives a Rule 12(b)(5) defense if it fails to make it by motion. Fed. R. Civ. P. 12(h)(1)(B). Defendant timely moved to dismiss pursuant to Rule 12(b)(5) and therefore did not waive its Rule 12(b)(5) defense. "A defendant's choice to first remove an action to federal court before seeking to challenge personal jurisdiction does not constitute a waiver of objections to personal jurisdiction." *Team Enterprises, LLC v. W. Inv. Real Est. Tr.*, No. 08-CV-1050-LJO-SMS, 2008 WL 4367560, at *2 (E.D. Cal. Sept. 23, 2008) (rejecting plaintiff's argument that defendant waived right to challenge service of process when it voluntarily appeared in the action by joining in removal petition); *see Jones*, 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019) (granting Rule 12(b)(5) motion filed after defendants removed action to federal court).

Given Plaintiff's failure to serve Defendant with a summons, Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(5).

## V.   CONCLUSION

For the reasons set forth above and in its memorandum of points and authorities in support of its motion to dismiss, Plaintiff's FAC should be dismissed for violating the Northern District Order and insufficient service of process under Rule 12(b)(5).

DATED: December 9, 2022                             SEYFARTH SHAW LLP


                                                    By: */s/ Myra B. Villamor*
                                                        Myra B. Villamor
                                                        Attorneys for Defendant
                                                        STARBUCKS CORPORATION