SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>    Defendant. | Case No. 3:22-cv-07094-CRB<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO STAY ACTION PENDING RULING ON ITS MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PREFILING ORDER**<br><br>Complaint Filed: July 21, 2022<br>Trial Date:  None Set |

**I. PLAINTIFF'S ARGUMENT THAT THERE IS ALREADY A STAY IN PLACE UNDER G.O. 56 FAILS TO ADDRESS THE STAY ACTUALLY REQUESTED BY DEFENDANT**

Defendant's Ex Parte Application to Stay Action Pending Ruling on its Motion to Dismiss for Plaintiff's Failure to Comply with Vexatious Litigant Prefiling Order (Dkt. 16) (the "Ex Parte Application") requests a brief stay of the following deadlines while the Court decides Defendant's separate Motion to Dismiss and for Sanctions for Plaintiff's Failure to Comply with Vexatious Litigant Prefiling Order ("Defendant's Motion to Dismiss"):  (1) the deadline for Defendant to answer or otherwise to Plaintiff's First Amended Complaint, (2) all deadlines set by General Order 56 ("G.O. 56"), (3) the deadline to file a Joint Case Management Conference submission, and (4) the May 12, 2023 Initial Case Management Conference.  Defendant's Motion to Dismiss is based on two grounds:  (1) Plaintiff's failure to serve Defendant with a Summons as required by Rule 4 of the Federal Rules of Civil Procedure and Paragraph 1 of G.O. 56, and (2) Plaintiff's violation of this Court's vexatious litigant order which prohibits Plaintiff from filing "any challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) (the "Northern District Order").[1]

*None of the deadlines and G.O. 56 obligations that Defendant seeks to stay are presently subject to a stay*, making Plaintiff's claim that "[t]here is already a stay in effect" under G.O. 56. (Dkt. 20, p.2.), utterly specious.  As the Court is aware, G.O. 56 requires the parties to promptly conduct in-person joint inspections at eight cafes spread out across the State of California by December 11, 2022, meet and confer in-person to discuss settlement and the issues at all eight cafes within 35 days after the completion of the joint inspections, file a Notice of Need for Mediation and Certification of Counsel

---

[1] It should be noted that while Defendant did intially remove this case to federal court, Plaintiff knowingly filed a First Amended Complaint *after removal* to include a new ADA count, in direct violation of the Northern District Order.

1  within 42 days of the joint inspection, and attend mandatory mediation if they are unable
2  resolve their issues no later than 90 days after filing the Notice of Need for Mediation.
3  (Dkt. 10; Northern District of California, General Order No. 56, ¶¶ 7-9.)  Further,
4  Defendant was required to file a responsive pleading by December 12, 2022.  (Dkt. 9.)
5  Defendant is seeking a stay of these many G.O. 56 activities and the responsive pleading
6  deadline because it should not be required to incur the fees and costs associated with
7  these G.O. 56 activities and the filing of a 12(b)(1) and/or 12(b)(6) motion to dismiss
8  when Plaintiff should not have filed the FAC in the first place.

## II.   A STAY OF THIS MATTER IS APPROPRIATE

Plaintiff agrees that the factors to consider in deciding whether to grant the brief stay sought by Defendant are set forth in *CMAX, Inc. v. Hall*, 300 F.2d 265, 268-270 (9th Cir. 1962) (finding district court did not abuse abuse its discretion in postponing a trial pending a related enforcement proceeding).  Those factors are: (1) "possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* at 268.  As set forth in Defendant's Ex Parte Application and below, those factors favor a stay here, and Plaintiff's arguments to the contrary lack merit.

### A.   No Harm Will Result From The Granting Of A Stay.

Plaintiff argues that the brief stay requested by Defendant will result in "great" damage because "[e]very passing day that Starbucks' marketing and public relations strategies remain in effect, more and more persons are harmed" because "Starbucks' written marketing and public relations position is designed to convince the public that 'discrimination has no place at Starbucks' and that Starbucks 'strive[s] to create accessible environments in [its] stores', but that 'both statements are patently false.'" Plaintiff does not specify what "harm" to him or the public would result from a brief stay, however.

To reiterate, Defendant is only asking for a short stay of near term deadlines while the Court decides its Motion to Dismiss which is set for hearing on January 20, 2023. Given the two straightforward issues (*i.e.* did Plaintiff violate the Northern District Order and fail to serve the Summons), the Court should be able to rule on the Motion to Dismiss at the hearing or shortly thereafter.

Indeed, any delay caused by a stay is the direct result of Plaintiff's refusal to comply with Northern District Order issued against him by this Court and the vexatious litigant order issued in the Santa Clara County Superior Court, where he initiated this case. Had Plaintiff complied with those orders, Defendant would not have had to expend resources to file the Motion to Dismiss or seek a stay pending its resolution.

**B.     The Hardship Or Inequity Which Defendant Will Suffer In The Absence Of A Stay Is Substantial.**

With regard to this factor, Plaintiff argues that "[h]ardship and inequity to Plaintiff and others similarly situated s [*sic*] likewise great." However, the factor identified by the Court in *CMAX* is "the hardship or inequity which a party may suffer *in being required to go forward*." *CMAX*, 300 F.2d at 268 (emphasis added). In other words, this factor examines the hardship and inequity to Defendant, not Plaintiff. The question as to whether this action should be allowed to continue in light of Plaintiff's violation of the Northern District Order is a threshold issue that should be addressed *before* Defendant is required to expend considerable time and resources to file a responsive pleading and comply with G.O. 56. As discussed, the G.O. 56 requires Defendant to conduct eight in-person joint inspections, meet and confer with Plaintiff about these eight store locations, and attend a mediation, all by May 27, 2023. These activities will be entirely unnecessary if the Court grants Defendant's Motion to Dismiss.

**C.     A Stay Ensures The Orderly Course Of Justice By Simplifying The Issues In This Case.**

The final factor outlined by the Court in *CMAX* – "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of

law which could be expected to result from a stay" – favors a stay. *CMAX*, 300 F.2d at 268. The questions raised in the Motion to Dismiss – whether the case should be dismissed because Plaintiff violated the Northern District Order and failed to serve the Summons under Rule 12(b)(5) – are threshold questions that should be addressed by the Court *before* Defendant is forced to expend further significant resources to prepare a Motion to Dismiss under 12(b)(6) and/or 12(b)(1), and to comply with G.O. 56, as discussed above. If the Court grants Defendant's Motion to Dismiss based on the Northern District Order and/or the failure to serve the Summons, neither Defendant nor the Court will have to expend further resources on this case. In short, the orderly administration of justice favors staying the action pending the Court's ruling on Defendant's Motion to Dismiss and for Sanctions, including any subsequent contempt hearing and sanctions determination set by the Court.

### III. CONCLUSION

For the reasons set forth above and in its memorandum of points and authorities in support of its Ex Parte Application, Defendant respectfully requests that the Court stay the instant action until the Court rules on Defendant's Motion to Dismiss and for Sanctions, and continue by a corresponding number of days the following dates: (1) the deadline for Defendant to answer or otherwise to Plaintiff's First Amended Complaint, (2) all deadlines set by General Order 56, (3) the deadline to file a Joint Case Management Conference, and (4) the May 12, 2023 Initial Case Management Conference.

DATED: December 9, 2022                          SEYFARTH SHAW LLP


By: */s/ Myra B. Villamor*
Myra B. Villamor
Attorneys for Defendant
STARBUCKS CORPORATION