SEYFARTH SHAW LLP
Myra B. Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
STARBUCKS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 3:22-cv-07094-CRB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS AND FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PREFILING ORDER [DKT. 18]**<br><br>Complaint Filed: July 21, 2022<br>Trial Date:     None Set |

In response to Defendant's Motion to Dismiss and for Sanctions for Plaintiff's Failure to Comply with Vexatious Litigant Prefiling Order ("Motion to Dismiss"), Plaintiff filed a "Motion to Strike Defendant's Motion to Dismiss and for Sanctions [ECF 16] for Violating General Order 56" ("Motion to Strike"). Plaintiff's Motion to Strike should be denied because: (1) Plaintiff failed to notice a hearing date or otherwise comply with Local Rule 7-2; (2) General Order No. 56 ("G.O. 56") permits Defendant to file its Motion to Dismiss pursuant to Rule 12(b)(5); and (3) the Court's consideration of Plaintiff's violation of the vexatious litigant order issued against him by this Court is a threshold issue that should not be constrained by G.O. 56 which, like the vexatious litigant order, exists to streamline ADA litigation and limit unnecessary litigation costs.

## I.   PLAINTIFF FAILED TO NOTICE A HEARING ON HIS MOTION TO STRIKE

Plaintiff did not notice a hearing date for his Motion to Strike. "[A]ll motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion." N.D. Cal. L.R. 7-2. Plaintiff has wholly failed to comply with Local Rule 7-2. For this reason, Plaintiff's Motion to Strike should be denied.

## II.  DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(5) IS PERMITTED BY GENERAL ORDER NO. 56

Plaintiff did not meet and confer with Defendant prior to filing his Motion to Strike. Had he done so, Defendant would have reminded Plaintiff that Defendant's Motion to Dismiss (Dkt. 16), was filed, in part, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Defendant's Motion to Dismiss is, therefore, specifically allowed by G.O. 56, which states, in pertinent part:

> 2. <u>Responsive Pleading</u>. Within the time allowed for responsive pleading under Federal Rule of Civil Procedure 12, a defendant may either (a) answer or (b) ***file a motion under Rule 12(b)***. Filing a motion under Rule 12(b) does not automatically relieve the parties of the requirements of this Order.

> 3. <u>Stay of Proceedings and Relief from Requirements of this Order</u>. All discovery, motion practice (***except for motions under Rule 12(b)*** and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise....

Northern District of California, General Order No. 56 (emphasis added).

Indeed, by failing to serve the Summons, it is Plaintiff – not Defendant – who has violated the very first requirement of G.O. 56. This provision states: "Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff shall promptly complete service on all defendants." Plaintiff does not dispute that he has never served a Summons on Defendant, even after being informed by Defendant of this deficiency.

In sum, the Court should deny Plaintiff's Motion to Strike because Defendant's Motion to Dismiss does not violate General Order 56.

### III.    G.O. 56 DOES NOT PROHIBIT THE FILING OF THE MOTION TO DISMISS WHICH ALLOWS THE COURT TO CONSIDER WHETHER PLAINTIFF VIOLATED THIS COURT'S VEXATIOUS LITIGANT ORDER BEFORE THIS CASE PROCEEDS

On June 1, 2020 – after considering extensive evidence of Plaintiff's history of vexatious litigation – Magistrate Judge Ryu prohibited Plaintiff from "filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing." *Strojnik v. IA Lodging Napa First LLC*, 2020 U.S. Dist. LEXIS 95738, No. 4:10-cv-03983-DMR, Dkt. 66 (N.D. Cal. June 1, 2020) (the "Northern District Order"). In defiance of this order, Plaintiff filed a First Amended Complaint adding new causes of action for violations of Title III of the ADA and related state accessibility statutes without obtaining the required certification from the general duty judge. (Dkt. 11.)

Defendant's Motion to Dismiss is based in part on Plaintiff's failure to comply with the Northern District Order, and G.O. 56 does not preclude it. G.O. 56 applies to

2

lawsuits that are properly filed and served in accordance with the Court's rules. This is apparent in Paragraph 1 of the G.O. 56 which requires plaintiffs to "promptly complete service on all defendants." Northern District of California, General Order No. 56. This lawsuit was not properly served, and the FAC was filed in violation of the Northern District Order which was clearly intended to protect defendants from having to expend resources to respond to vexatious lawsuits filed by Plaintiff before a general duty judge has determined that Plaintiff's claims can be filed in the first instance. Accordingly, this lawsuit falls outside the normal procedures of G.O. 56.

Furthermore, the purpose of G.O. 56 is to streamline the process and limit unnecessary attorneys' fees and costs. Requiring Defendant to incur fees to file a motion for Administrative Relief before it can file a motion asking the Court to consider the threshold issue of whether Plaintiff filed the FAC in violation of the Northern District Order would be inconsistent with the spirit and intent of G.O. 56.

**IV.   CONCLUSION**

For these reasons, Plaintiff's Motion to Strike should be denied.

DATED: December 9, 2022                           SEYFARTH SHAW LLP


By:  */s/ Myra B. Villamor*
   Myra B. Villamor
   Attorneys for Defendant
   STARBUCKS CORPORATION