IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Case No. 22-cv-07094-CRB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH VEXATIOUS LITIGANT PREFILING ORDER AND DENYING PLAINTIFF'S MOTION TO STRIKE** |

Plaintiff Peter Strojnik ("Strojnik") alleges in his amended complaint that Defendant Starbucks Corporation ("Starbucks") discriminates against customers with disabilities, in violation of various federal and state statutes. See Am. Compl. (dkt. 11). Starbucks moves to dismiss and for sanctions because Strojnik's amended complaint violates a vexatious litigant prefiling order in place in this district. See Mot. to Dismiss (dkt. 16). As explained below, finding this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), the Court GRANTS Starbucks' motion to dismiss.

## I. BACKGROUND

On July 21, 2022, Strojnik filed the initial complaint in the Superior Court of Santa Clara County, alleging three causes of action: (1) injunctive relief pursuant to California Code of Civil Procedure § 526(a) based on an alleged violation of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("Unruh"); (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; and (3) violation of California's Consumer Legal Remedies Act ("CLRA"). See Compl. (dkt. 1) Ex. 1. On October 12, 2022, Strojnik served Starbucks with the complaint, but did not

serve the summons. See Notice of Removal (dkt. 1) ¶ 6. On October 21, 2022, Starbucks filed a notice in state court, notifying the clerk that Strojnik's complaint had been mistakenly filed, contravening the vexatious litigant prefiling order already in place against Strojnik. See id. ¶ 3; Notice of Mistaken Filing of Vexatious Litigation (dkt. 1) Ex. 2; see also Notice of Removal Ex. A [hereinafter State Court Vexatious Litigant Prefiling Order] (stating that Strojnik is "prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed"). Due to a docketing backlog, counsel for Starbucks was unable to confirm whether the clerk had received and processed its notice of mistaken filing. See Villamor Decl. (dkt. 16-1) ¶ 8. To preserve its right to proceed in federal court, Starbucks removed this action on November 11, 2022. See id.; Notice of Removal.

Four days later, Strojnik filed an amended complaint, alleging four additional causes of action, along with those in the original complaint: (1) violation of the ADA; (2) violation of Unruh; (3) violation of the Disabled Persons Act; and (4) malice and oppression. See Am. Compl. On November 23, Starbucks brought the instant motion to dismiss and motion for sanctions, arguing that Strojnik's filing of the amended complaint was in violation of the vexatious litigant prefiling order in place in this district. See Mot. to Dismiss. Starbucks also brought an ex parte application to stay proceedings while the motion to dismiss was pending. See Ex Parte Application to Stay Action (dkt. 17). In addition to responding to Starbucks' motions, Strojnik also filed a motion to strike Starbucks' motion to dismiss. See Mot. to Strike (dkt. 18). These motions are now fully briefed.

**II.   DISCUSSION**

The Court addresses first Starbucks' motion to dismiss, and then addresses Strojnik's motion to strike.

    **A.   Motion to Dismiss**

Starbucks argues that Strojnik's amended complaint must be dismissed because he has failed to comply with Magistrate Judge Ryu's vexatious litigant prefiling order. See

2

Mot. to Dismiss at 4–6. Starbucks is plainly correct.

Judge Ryu's order states as follows:

> "Strojnik is enjoined from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing. The Clerk of the Court shall not file or accept any further complaints filed by Strojnik. If Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the compliant should be accepted for filing. Any violation of this order will expose Strojnik to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal."

Strojnik v. IA Lodging Napa First LLC, 19-cv-3983, 2020 WL 2838814, at *13 (N.D. Cal. June 1, 2020) [hereinafter Northern District Vexatious Litigant Order]. The order states that Strojnik is prohibited from filing a complaint that "challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge." Id. It is undisputed that Strojnik filed his amended complaint without first obtaining certification from the general duty judge to allow him to do so, even though his amended complaint clearly "challenges access to public accommodations by disabled people." Id.; see also Am. Compl.

Strojnik's argument that filing his amended complaint did not constitute a "filing" of a "civil action" in the Northern District captured by Judge Ryu's order is specious. Opp'n to Mot. to Dismiss (dkt. 19) at 6. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. There is no difference between the filing of a complaint, which Strojnik has done, and the "filing [of] any civil action . . . that challenges access to public accommodations by disabled people," as Strojnik is enjoined from doing. Northern District Vexatious Litigant Order at *13. And even if the Court takes Strojnik's argument that his initial complaint was removed from state court by Starbucks—and thus this "civil action" was "filed" by Starbucks—at face value, that does not alter two

3

underlying truths: First, that Strojnik was also enjoined from filing that initial complaint, and Starbucks only removed when it was not clear that the court clerk would enforce that vexatious litigant order. See State Court Vexatious Litigant Prefiling Order; Villamor Decl. ¶ 8. Second, even if Strojnik's initial complaint did not "challenge access to public accommodations by disabled people" within the meaning of Judge Ryu's order, his amended complaint certainly does. See, e.g., Am. Compl. ¶¶ 39–48 (alleging violation of the ADA). Strojnik may not use Starbucks' removal—the result of a docketing backlog in state court—as a Trojan horse to sneak his amended complaint past the prefiling requirements of Judge Ryu's order.

While the Court dismisses the amended complaint on this ground, Starbucks also seeks dismissal due to inadequate service of process under Federal Rule of Civil Procedure 12(b)(5). See Mot. to Dismiss at 7–9. At the outset, it seems undisputed between the parties that Strojnik served the initial complaint but not the summons, in contravention of California requirements. See Villamor Decl. ¶¶ 4, 7; Opp'n to Mot. to Dismiss; Cal. Civ. Pro. Code § 413.10. Strojnik argues that by removing this case to federal court, obtaining a stipulation to extend time, and declining to consent to the jurisdiction of a magistrate judge, Starbucks has waived its right to move for dismissal on this basis. Opp'n to Mot. to Dismiss at 10–11. This is not the law. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998) (holding that waiver of the right to raise a personal jurisdiction defense would occur when a defendant engages in "deliberate, strategic behavior," such as "sandbagging" by deliberately failing to raise the issue until appeal); see also, e.g., Freeney v. Bank of Am. Corp, 15-cv-2376, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (finding that neither removal nor procedural filings such as filing a notice of related case, stipulations to extend time, or notices of appearance constitute "deliberate, strategic behavior" under Peterson).[1] As a result, inadequate service of process provides another

---

[1] The Court also notes that, in its notice of removal, Starbucks specifically disclaimed any waiver of its right to challenge personal jurisdiction. See Notice of Removal at 9; Freeney, 2015 WL 4366439, at *20.

4

basis for dismissal.[2]

### B.  Motion to Strike

Strojnik brings a motion to strike Starbucks' motion to dismiss, arguing that such a motion is disallowed by General Order 56.  See Mot. to Strike at 1–2.  At the outset, Strojnik's motion to strike is procedurally inadequate because a motion to strike under Rule 12(f) applies to pleadings, not motions.  See, e.g., Choyce v. SF Bay Area Indep. Media Ctr., 13-cv-1842, 2013 WL 6234628, at *2 (N.D. Cal. Dec. 2, 2013).  The Court might deny Strojnik's motion to strike on this basis alone; instead, it will liberally construe it as another argument in opposition to Starbucks' motion to dismiss.  See id.

Even seen in this light, Strojnik's argument is lacking.  General Order 56 was adopted "to advance efficient and effective litigation of ADA cases."  Order on Plaintiff's Motion for Partial Judgment at 2, Strojnik v. Vy Verasa Comm. Co. LLC, 19-cv-2556 (N.D. Cal. Nov. 12, 2019), dkt. 31.  It is true that General Order 56 states that "All discovery, motion practice (except for motions under Rule 12(b) and motions to appear pro hac vice), and other proceedings are STAYED unless the assigned judge orders otherwise."  General Order 56 ¶ 3.  But as Starbucks points out, it has brought its motion under Rule 12(b) in compliance with this provision; it merely also raises another issue—Judge Ryu's vexatious litigant order—not contemplated in the language of General Order 56.  It would defy logic to conclude that General Order 56 does not allow a court to enforce a vexatious litigant order entered in this District which requires dismissal of the action.  Requiring the parties to fulfill each of the requirements of General Order 56 before promptly dismissing the case given the plain language of Judge Ryu's order would hardly be an efficient method of disposing of this litigation.[3]

---

[2] Starbucks also seeks sanctions for Strojnik's violation of Judge Ryu's order, and transfer to Judge Ryu for a contempt hearing and sanctions determination.  See Mot. to Dismiss at 6–7; Northern District Vexatious Litigant Order at *13 ("Any violation of this order will expose Strojnik to a contempt hearing and appropriate sanctions . . . .").  Given the unorthodox posture of this case, the Court finds that additional sanctions beyond dismissal are unwarranted.

[3] We note that it is difficult to take Strojnik's objections on this issue seriously when he himself has filed motions clearly disallowed by General Order 56 in prior cases.  See Order on Plaintiff's Motion for Partial Judgment at 3–4, Vy Verasa, 19-cv-2556, dkt. 31 (denying Strojnik's motion

In any case, even if General Order 56 does bar a motion to dismiss for failing to comply with a vexatious litigant prefiling order, the Court may, and does, exercise its discretion to permit Starbucks' motion here. See General Order 56 ¶ 3; see also Johnson v. Torres Enters. LP, 18-cv-2929, 2019 WL 285198, at *2 (N.D. Cal. Jan. 22, 2019). Thus, Strojnik's motion to strike is denied.

### III. CONCLUSION

For the foregoing reasons, Starbucks' motion to dismiss is GRANTED, and its motion for sanctions is DENIED. Strojnik's motion to strike is DENIED. Because the action is dismissed, Starbucks' application for a stay is DENIED as moot.

**IT IS SO ORDERED.**

Dated: January 19, 2023



CHARLES R. BREYER
United States District Judge

---

for partial summary judgment because such motions are disallowed by General Order 56, remarking that "Strojnik's behavior has been questionable since this case's inception").